HERBERT A. WHEELER, ADMINISTRATOR WITH THE WILL ANNEXED OF THE ESTATE OF MARY L. DOSTIE, DECEASED, V. SAMUEL S. WOOD, ADMINISTRATOR OF THE ESTATE OF LUTHER WHEELER, DECEASED.

*Wills—Construction—Specific legacy.*

1. The intention of the testator should always govern in the construction of a will (citing *Bailey v. Bailey*, 25 Mich. 185; *Paper Mill Co. v: Fisk*, 47 Id. 212; *Eyer v. Beck*, 70 Id. 179; *Morrison v. Estate of Sessions*, 70 Id. 297); and, where there is no ambiguity on the face of the instrument, such intention must be determined from the will itself (citing *Kinney v. Kinney*, 34 Mich. 250; *Tuxbury v. French*, 41 Id. 7; *Waldron v. Waldron*, 45 Id. 353; *Forbes v. Darling*, 94 Id. 625).

2. A testatrix bequeathed to her nephew the sum of $400, to be paid by the assignment to him of a mortgage upon a farm belonging to his father's estate. Prior to her death the testatrix discharged the mortgage. And it is held that the bequest was designed as a specific legacy.

Error to Calhoun.    (Smith, J.)    Argued February 12, 1895.   Decided March 19, 1895.

Petition for leave to pay a legacy.    Petitioner brings error.   Affirmed.   The facts are stated in the opinion.

*Mains & Mains*, for appellant.

*William H. Porter*, for defendant.

HOOKER, J.   Mary L. Dostie died leaving the following will:

"Know all men by these presents that I, Mary L. Dostie, of Homer, Calhoun county, Michigan, being in good health and of sound and disposing mind and memory, do make and publish this, my last will and testament, hereby revoking all former wills by me at any time heretofore made:

"*First.* I hereby direct the payment of all my just debts and funeral expenses and the legacies hereinafter given out of my estate.

"*Second.* After the payment of my said debts and funeral expenses, I give and bequeath to my niece, Carrie Wheeler, of East Scott, Courtland county, New York, the sum of $300.

"*Third.* I give and bequeath to my nephew, Herbert Wheeler, the sum of $400, the said $400 to be *paid by my executor assigning and transferring to the said Herbert Wheeler a certain real-estate mortgage upon the farm* owned by the estate of the late Daniel Wheeler, which said farm is located in the township of Homer, county of Calhoun, and State of Michigan, and which mortgage was made to me by the said Daniel Wheeler about four years ago.

"*Fourth.* I give and bequeath all the rest, residue, and remainder of my estate of which I shall die seised to my brother, Luther Wheeler, of Summerville, Cass county, Michigan, and to my sister, Eliza Randall, of Niles, Michigan, share and share alike; provided that my said sister shall take no part or share of the estate hereby devised during the lifetime of her husband, Darius Randall, and should my death occur before the death of the said husband, Darius Randall, her interest in my said estate shall vest in my said brother, Luther Wheeler, as trustee for my said sister, Eliza Randall, the said trustee to account and

pay over to the said Eliza Randall her interest in said estate at the death of her said husband, Darius Randall. Should my said sister, Eliza Randall, die before the death of her said husband, Darius Randall, then all my estate herein willed to my said sister, Eliza Randall, shall pass to and become the sole property of my said brother, Luther Wheeler.                                    MARY L. DOSTIE.

"The above instrument, consisting of one sheet of caligraph paper, was now here subscribed by Mary L. Dostie, the testator, in the presence of each of us, and was at the same time declared to be her last will and testament, and we, at her request, sign our names hereto as attesting witnesses.

"L. B. TOMPKINS, Homer, Calhoun county, Michigan.
"JESSIE ROBARDS, Homer, Calhoun county, Michigan."

The evidence shows that at the time this will was made Herbert Wheeler was in possession of the farm formerly owned by Daniel Wheeler, from whom he had inherited it. There were three mortgages upon this farm, of which the one mentioned in the will was last. Before the death of the testatrix she discharged this mortgage to enable the petitioner, Herbert Wheeler, to raise money to take up the previous mortgages. The question in the case is whether he is still entitled to payment of the $400 from the estate. Upon the part of the estate it is maintained that this was a specific legacy or gift of the mortgage. Upon petitioner's part it is said that the legacy was demonstrative; that the testatrix's intention was to give her nephew $400; that the mortgage was mentioned as a fund from which it should be paid; and that his right to payment from the general estate exists if the fund specified is not in existence, although the reason for its non-existence as a part of the estate is that he received it previous to the death of the testatrix. An attempt was made to strengthen this claim by the testimony of the scrivener, to the effect that his understanding when he drew the will was that the testatrix designed that the nephew should receive $400 in any event, even if the

mortgage should be paid before her death, and that he understood this from a discussion about the possibility of such payment, but that he gave her no advice about the ·matter, merely attempting to draw the will in conformity to her wishes. This testimony was offered for the alleged purpose of showing the situation of the testatrix when the will was drawn. The court properly disregarded it, as the intention of the testatrix must be determined from the instrument in this case. *Kinney v. Kinney*, 34 Mich. 250; *Waldron v. Waldron*, 45 Id. 353; *Forbes v. Darling*, 94 Id. 625; *Tuxbury v. French*, 41 Id. 7. The intention of the testator should always govern in the construction of a will. *Eyer v. Beck*, 70 Mich. 179; *Morrison v. Estate of Sessions*, 70 Id. 297; *Rock River Paper Mill Co. v. Fisk*, 47 Id. 212; *Bailey v. Bailey*, 25 Id. 185. This will "gives and bequeaths" $400 to the nephew, and provides how it shall be paid, viz.: By assigning and transferring a mortgage against the property of said Wheeler for that amount, given four years before, upon which there was $25 interest accumulated at the time the will was made. The will did not provide that the petitioner should be paid from the fund which said mortgage should produce, but directed an assignment and transfer of the mortgage. The legatee would have been entitled to an· assignment, whether the amount exceeded $400 or not. Apparently it was not expected that the executor would collect any balance over the sum of $400, if such should be due. We think, therefore, that this was designed as a specific legacy, and that it cannot be called demonstrative.

It follows that the order of the circuit judge must be affirmed, with costs, and be certified accordingly.

McGRATH, C. J., LONG and GRANT, JJ., concurred. MONTGOMERY, J., did not sit.