LANDON DAVIS, Executor, v. W. T. CLOSE, *et al.*, Appellants.

**Wills:** ADEMPTION OF LEGACY. A bequest of a specific amount to testator's son to be paid by deducting the same from the amount due from the son to the testator, as evidenced by notes, is specific, and is adeemed by the father's returning the notes to the son, during his lifetime.

*Appeal from Wayne District Court.*—HON. W. H. TEDFORD, Judge.

SATURDAY, DECEMBER 18, 1897.

THIS is a proceeding to obtain a construction of the will of Joseph Close, deceased. The trial court held that a certain legacy to W. T. Close was specific, and had been adeemed before the testator's death. The legatees appeal.—*Affirmed.*

*Freeland & Evans* for appellants.

*Miles & Steele* for appellee.

DEEMER, J.—The fourth clause of the will is as follows: "I give, will, and bequeath unto my son William Thomas Close the sum of one thousand dollars, to be paid by deducting the same from the amount he owes me, as evidenced by notes I hold on him." In the third clause he gave a granddaughter one thousand dollars in bank stock, as well as some real estate; in the fifth, to a son, a certain forty acres of real estate; in the sixth, a certain forty acres of real estate to a daughter; in the seventh, eighth, and ninth, one thousand dollars to each of three daughters; and in the tenth he gave the residue of his estate to his sons and daughters and granddaughter, share and share alike. At the time of the

execution of the will the testator held a note for seven hundred dollars executed by W. T. and J. F. Close jointly, and a note for three hundred dollars executed by W. T. Close individually. Shortly before his death the deceased surrendered these notes to his son W. T. Close. Appellant contends that the will did not take effect until the death of the testator, and that the legacy to W. T. Close is not specific, but demonstrative, and that he is entitled to one thousand dollars from the general estate of his father; while, on the other hand, appellee insists that the legacy is specific, and that it was adeemed by the testator before his death.

"A legacy is said to be general when it is not answered by any particular portion of, or article belonging to, the estate, the delivery of which will alone fulfill the intent of the testator; and when it is so answered it is said to be a specific legacy, because it consists of some specific thing belonging to the estate, which is by the legacy intended to be transferred in specie to the legatee." *Smith v. McKitterick,* 51 Iowa, 548. See, also, *Evans v. Hunter,* 86 Iowa, 416. Whether a legacy is specific or general depends upon the intention of the testator, to be derived from the language used in the bequest, construed in the light of all the provisions of the will. *Davis v. Crandall,* 101 N. Y. 311 (4 N. E. Rep. 721). If the intent is to have it paid without reference to the fund upon which it is primarily a charge, it is general; but when it is to be paid out of a particular fund, and not otherwise, it is specific. *Stevens v. Fisher,* 144 Mass. 114 (10 N. E. Rep. 803). Applying these rules to the case at bar, it is clear, we think, that the legacy was specific; for the one thousand dollars bequeathed to W. T. Close was to be satisfied by deducting the same from the amount of the notes the testator then held against him. It was not intended that he should be paid one thousand dollars out of the general estate, and without reference to the notes upon which it was made

a charge. The other provisions of the will tend to strengthen this conclusion; for it is evident that the testator intended to bequeath to each of his children one thousand dollars, or its equivalent, and thus place them practically upon an equality. To hold that W. T. Close should not only have the notes, but an additional one thousand dollars as well, would be taking from the other children to benefit him. Evidently, this was not the testator's intention. But, whether this be true or not, the rule seems to be well settled that if a legacy be given by a parent, or one standing in *loco parentis*, and the testator afterwards make an advancement or gift of money or property *ejusdem generis* to the same beneficiary, the presumption will arise that the gift was intended in satisfaction of, or substitution for, the prior legacy, and, unless this presumption be rebutted, an ademption, in full or *pro tanta*, as the gift is equal to or less than the prior benefit, will occur. *Richardson v. Eveland*, 126 Ill. Sup. 37 (18 N. E. Rep. 308; 1 L. R. A. 203); 1 Pomeroy, Equity Jurisdiction, sections 554-557; Story, Equity Jurisdiction, sections 1111, 1112; *Richards v. Humphreys*, 15 Pick, 133; Beach, Modern Equity, sections 1047, 1050. When the testator surrendered the notes to his son, he made him a gift of the same general nature as he intended to confer upon him by will, and the presumption that it was intended as a satisfaction of the legacy is not met by any showing on the part of the legatee to the contrary. It was practically the same amount as bequeated by the will; for it is evident that the testator, in the fourth paragraph of his will, considered the note for seven hundred dollars as an individual liability of W. T. Close, as it in fact was in law. There was therefore an ademption in full. The case of *Wheeler v. Wood*, 104 Mich. 414 (62 N. W. Rep. 577), is quite like the one at bar; and it was there held that a legacy similar to this one was specific, and had been satisfied or adeemed. *Frank v. Frank*, 71 Iowa,

646, is not in conflict with these views. In that case the devise was of real and personal property to a certain amount, and was thus qualified: "This amount is in notes such as Mary P. Frank, the executor of my will, may turn over to them." We said in that case: "The will clearly expresses the intention of the testator to give to each legatee six hundred dollars, and a different intention is not expressed in the clause speaking of the notes. * * * In our opinion, the testator intended that each legatee should have $600, which the executor could pay in notes of that value, or which would yield that sum. If the notes do not yield that amount, or there should not be good notes of that value in the hands of the executor, the sum is to be made up from other property of the estate." Such is not the case at bar. Here the one thousand dollars is to be paid by deducting that amount from the sum due from the legatee, which, as we have seen, was of the same amount as the legacy, and not from any other fund. In the cited case there was no intent to relieve the general estate from liability, while in the case at bar the bequest is, in effect, a gift of the debt itself, as distinguished from a definite sum of money. A careful examination of the case *In re Newcomb's Will*, 98 Iowa, 176, relied upon by appellant, will disclose that it is in entire harmony with the conclusions reached in this opinion. The trial court properly construed the will, and its judgment is AFFIRMED.