(90 N. W. Rep. 799.)

---

## LILLIAN ADAIR *vs.* AMANDA M. ADAIR.

---

**Wills—Construction—Specific Legacy.**

> A testator executed a will, and afterwards a codicil thereto. In the codicil the following clause was used: "Should I alone die on this trip, or in consequence of it, then of the one thousand dollars before willed to my wife, five hundred dollars of this money are to be deducted from her, and given to my daughter Lillie or Lillian, before mentioned." The testator had not willed the specific sum of $1,000 to his wife, but had willed to her and another daughter than Lillian the residue of his estate, in value more than $2,000. *Held*, that the legacy was not a specific one.

**Intention of Testator Carried Out.**

> The intention of a testator is to be ascertained from the language of the will and codicil construed together. If the intention expressed in these instruments is clear, transposition of words will not be resorted to.

Appeal from District Court, Ransom County; *Lauder, J.*

Action by Lillian Adair against Amanda M. Adair and others. Judgment for plaintiff, and defendants appeal. Affirmed.

*P. H. Rourke* and *Alfred M. Kvello,* for appellant.

The will and codicil should be construed together as one and the same instrument. The intention of the testator is to be ascertained from the words of the will. It is apparent that the testator intended taking $500.00 of the money willed his daughter and giving it to his wife. The transposition of the names in the codicil of the will will make the latter harmonize with the facts and express the evident intention of the testator, and this the court may do, if necessary to make the will express the intention of the maker. *Mosley* v. *Massey,* 8 East, 149; *Doe* v. *Allcock,* 1 B. and Ald. 137; Pom. Eq. Jur. 346. The language: "Of the $1,000 before willed to my wife, $500 of this money are to be deducted from her and given to my daughter Lillian" creates a specific bequest. Money may be the subject of a specific legacy. *Walton* v. *Walton,* 11 Am.

Dec. 468, and note; Page on Wills, 913; *Pendergast* v. *Walsh, 42* Atl. 1049; *Towles* v. *Swansee,* 106 Mass. 100; *Crawford* v. *McCarthy,* 159 N. Y. 514; *Wheeler* v. *Woodward,* 104 Mich. 418; 18 Enc. L. 717; *Boston Safe & Deposit Co.* v. *Plummer,* 142 Mass. 257. This is not a demonstrative legacy because it is not charged on a particular fund in such a way as not to amount to a gift of the corpus of the fund or evince an intention to relieve the general estate from liability in case the fund fails. 18 Enc. L. 721. *Merriman* v. *Merriman,* 83 N. W. Rep. 162.

*Ball, Watson & Maclay,* for respondent.

The fact that the testator designates a particular fund from which the legacy is to be taken and paid does not in any way affect the express intent to make the bequest. The language is unambiguous, leaving no room for construction. § 3691 Rev. Codes. The legacy is either demonstrative or general. If demonstrative, the fact that the particular fund out of which it is directed to be paid failed does not affect the gift. *Ives* v. *Canby,* 48 Fed. 718. *Frank* v. *Frank,* 33 N. W. Rep. 153; *Gallagher* v. *Gallagher,* 6 Watts. 473; *Johnson* v. *Goss,* 128 Mass. 433; *Langstroth* v. *Golden,* 3 Atl. 151; *Lake* v. *Copeland,* 17 S. W. Rep. 786; *Burne* v. *Hume,* 49 N. W. Rep. 576; *Johnson* v. *Conover,* 35 Atl. 291; § 3719 Rev. Codes. The language of the codicil being clear, it is inadmissible to attempt to vary its meaning by parol evidence or by conjecture. § 3691 Rev. Codes. The law favors such a construction of the will as will not tend to disinherit heirs. *Scott* v. *Guernsey,* 48 N. Y. 406.

MORGAN, J. This proceeding was instituted by one Lillian Adair, as petitioner, in the county court of Ransom county. In a petition she prays said court to order the executors of the last will and testament of her father, James Adair, to pay to her the sum of $500 bequeathed to her in a codicil to said will. The petition states the following facts: That the testator, James Adair, died on the 19th day of April, 1897, in Presque Isle, in the state of Maine, and was at the time of his said death a resident of Ransom county, N. D. That Amanda M. Adair is her mother, and was the first wife of said decedent, and that John Adair and James Adair are her brothers, and the sons of said decedent and Amanda M. Adair. That Laurastina B. Adair is the second wife of said James Adair, deceased, and that Birdie May Adair is the daughter of said deceased and Laurastina B. Adair. That Charles E. Pierson and Gilbert La Du are the executors of the last will and testament of said James Adair, deceased. That said last will and testament of said James Adair and the codicil thereto was duly admitted to probate in the county court of said county on June 21, 1897. That the codicil to said will was in part in the following words, to wit: "In the name of God, Amen. This codicil, made this ninth day of January, in the year of our Lord one thousand eight hundred and ninety-seven, witnesseth: That I, James Adair, being of

sound mind and body, but being about to start by next train for Ireland, and considering the uncertainity of life in such a case, do hereby order, devise, and bequeath that, should I, my wife Laura, or Laurastina Birdie, and my daughter Birdie May, all die on or in consequence of this trip, then all my estate, real and personal, after deducting lawful expenses for probating and fees of executors, as may be needed till division of my estate shall be made, shall be divided equally among my surviving children, James Adair, Lillie or Lillian Adair, and John Adair, irrespective of past behavior of any one of them towards me. Secondly. Should I alone die on this trip, or in consequence of·it, then of the one thousand dollars before willed to my wife, five hundred dollars of this money are to be deducted from her and given to my daughter Lillie or Lillian, before mentioned. I do not know whether she is married or not, but a letter of hers in my private drawer of dressing case at my residence will explain why I have not had intercourse with her in any way, though I have tried repeatedly to find her. Third. Should wife and I die on this trip, or in consequence of it, then I devise and bequeath to my son James Adair the Burns property in Harris' First addition to the city of Lisbon, in addition to what has already been willed him in the body of the will. To my son John Adair I devise and bequeath the Burns farm, south of Lisbon. To my daughter Lillian I devise and bequeath the homestead on Main street, three lots and building, lots 10, 11, and 12 in Colton's Third addition to the city of Lisbon, as laid down in plat of said city." That said James Adair did thereafter take said trip to Ireland, and died while on his return to his home from Ireland. That sufficient moneys are in the hands of said executors with which to pay said legacy after payment of all debts against the estate of said James Adair. The executors named, Laurastina Adair, and Birdie May Adair, by her guardian ad litem, all appeared and answered, setting forth the last will and testament of said James Adair as follows, omitting formal parts: "(1) I give and bequeath to my beloved daughter Lillie the sum of one thousand dollars out of the proceeds of my policy No. 50,170 in Massachusetts Benefit Life Association. But if my daughter Lillie or her rightful heirs do not appear and claim the same within 10 years from the date of my death, then and in that case said above mentioned $1,000 is to be paid to my daughter Birdie May, if she is then of age, and, if not, then she is to receive the same as soon as she attains her majority. (2) The balance of the proceeds of said above-described policy No. 50,170 I give and bequeath to my beloved sons James and John, share and share alike, but, should either die previous to my own decease, his portion to go to the survivor. (3) I give and bequeath to my beloved daughter Birdie May the proceeds of endowment certificate No. 63,873 of the Su-

preme Court of Independent Order of Foresters, the same to be paid to her when she attains the age of eighteen years; and I hereby request that my hereinafter mentioned executor Charles Wright invest the proceeds of the hereinbefore mentioned policy and certificate of insurance in Canadian county debentures or in some other Canadian securities. (4) I give and bequeath to Thomas Patterson, M. D., of Cogswell, North Dakota, all my books and instruments appertaining to the practice of my profession. (5) I hereby give, devise, and bequeath to my beloved wife, Laurastina Birdie, but whose name was written in our marriage certificate 'Laura B.,' and to my beloved daughter by my present wife, Birdie May, all the residue of my estate, real, personal, and mixed, of every name, nature, and description, share and share alike. (6) Should either my above-mentioned wife or my daughter Birdie May die previous to my own decease, the survivor is to receive the share of the other." (7) The testator here nominated an executor under the will so far as it bequeathed property not situated in the United States. (8) Nomination of resident executors. (9) Revocation of all former wills. The will and the codicil were duly admitted to probate, and executors were duly appointed to carry out its provisions. There are no unpaid debts at present existing against said decedent's estate. The estate amounts to about $600 in personal property and certain real estate amounting in value to about $1,800. The facts were stipulated in open court at the hearing, and are as above recited. The county court made an order directing the executors to pay the petitioner, Lillian Adair, the $500 bequeathed by the testator in the codicil to the will. The defendants appealed to the district court, and such appeal resulted in an affirmance of the order of the county court. The defendants appeal to this court, and request a trial de novo of all the issues raised by the answer to the petition.

The defendants contend that the petition should not have been granted for two reasons, viz.: (1) That it was not the intention of the testator, as gathered from the will and codicil, construed together, to bequeath said $500 to his daughter Lillian, but that it was the intention of said testator to bequeath $500 to his wife out of the policy bequeathed to his daughter in the will. (2) That the legacy of the $500 is a specific legacy, and the fund out of which it was to be paid having failed, such legacy cannot be paid out of the general property or assets of the estate. On reading the will and the codicil, it will be observed that the testator never bequeathed to his wife any legacy of $1,000, or any other specific sum. The wife and daughter Birdie May were joint residuary legatees of all the property left by the testator after certain other specific bequests had been made. The appellants contend that the decedent never intended to bequeath $500 to his daughter Lillian in addition to the bequest of the $1,000 to be paid out of the policy in the Massachusetts Benefit Life Association. To determine what

his intention was as to this matter, the will and codicil must alone be considered, and must be construed together, and extraneous facts not shown by these two instruments be disregarded. These two instruments must speak for themselves in ascertaining his intention. It is his will and testament, and the court cannot change it. The clause of the codicil concerning which there is a dispute as to the testator's intention is the following: "Should I alone die on this trip, or in consequence of it, then of the one thousand dollars before willed to my wife five hundred dollars of this money are to be deducted from her and given to my daughter Lillie or Lillian Adair, before mentioned." It is claimed that the testator made two mistakes in this sentence, viz.: (1) He had never willed a specific $1,000 to his wife. (2) That he did not intend to give the daughter an additional sum of money and deprive the wife of it; that he intended to give the wife an additional sum to be deducted out of the $1,000 given to the daughter out of the insurance money. He was mistaken, so far as the record shows, as to having previously willed a specific $1,000 to his wife. But whether he was actually mistaken we do not know, and conjecture cannot be indulged in. We must be governed by the language used, and such language is clear, explicit, and unambiguous, and leaves no room for construction. From the language used in the clause quoted construed in connection with other portions of the codicil and in connection with the will, we are clear that his intention was to give the daughter an additional sum in case he died while on the trip to Ireland, and to construe the clause in a different way would be a misconstruction of the language used equivalent to a total disregard of the words used and the meaning plainly and clearly expressed. But it is claimed that transposition of words should be resorted to by substituting the word "Lillian" in place of the word "wife," and the word "wife" in place of the name "Lillian." If done, the clause would read as follows: "Should I alone die on this trip, or in consequence of it, then the $1,000 before willed to my daughter Lillian, $500 of this money to be deducted from her, and given to my wife, before mentioned." That such was the testator's intention is clearly refuted by the language following this clause, and, before the meaning contended for would be given to this clause of the codicil, further substitution of words for those used would have to be made. We do not think that this would be justified, as it would be changing the expressed meaning before it clearly appears that there has been a mistake in this respect. A reading of the whole clause together renders it very manifest that the additional bequest could not have been intended for the wife. The words following the language of the bequest render it certain that there was no mistake in expressing his intention in the first part of this clause. Transposition is sometimes allowable in construing wills, but, before this can be done, it must clearly appear from the will or codicil, or both, that a mistake was

made; and it must likewise clearly appear what correction is needed to give effect to the meaning of the testator. Transposition is allowed in some cases when the will is meaningless without transposition and rendered clear with it. 2 Pom. Eq. Jur. p. 346, note; *Latham* v. *Latham,* 30 Iowa, 294. The language used in this case is clear, and we cannot say that the intention as expressed was expressed through mistake entitled to be corrected by substitution of transposition of words.

The only remaining question to be determined is whether the legacy of the $500 is a specific, demonstrative, or general legacy. Section 3719, Rev. Codes 1899, designates legacies, according to their nature, into five classes,—specific, demonstrative, annuities, residuary, and general. These are defined by said section as follows: A legacy of a particular thing specified and distinguished from all others of the same kind belonging to the testator is specific. If such legacy fail, resort cannot be had to the other property of the testator. A legacy is demonstrative when the particular fund or personal property is pointed out from which it is to be taken or paid. If such fund or property fail in whole or in part, resort may be had to the general assets, as in case of a general legacy. After defining an annuity and a residuary legacy, this section defines all other legacies as general legacies. The definitions of these several legacies as given in the Code differ in no respect from the common-law definitions thereof. The appellants contend that this legacy is a specific one. The petitioner or respondent contends that it is either a demonstrative or a general legacy. For the purposes of this appeal we need only determine whether it comes within the definition of a specific legacy. Whether it be a demonstrative or a general legacy is immaterial, so far as a decision of this case is concerned. If it is not a specific legacy, the judgment must be affirmed whether it be general or demonstrative. A specific legacy is a bequest of a particular or specified article of personal property distinguished from all other articles of personal property belonging to the testator. A bequest of a coin particularly marked, or of a money deposit in a particular bank, or of specified shares of bank or other corporation stock, or of a particular debt due from a particular person, or of a particular mortgage described, are instances of a specific legacy. *Wheeler* v. *Wood,* 104 Mich. 414, 62 N. W. Rep. 577; *In re Apple's Estate,* 66 Cal. 432, 6 Pac. Rep. 7; 2 Bouv. Law Dict. p. 161. There is no doubt that a bequest of a certain number of dollars is a general bequest. In this case the particular fund out of which it is claimed this $500 bequest was to be paid is the $1,000 willed to the wife as set forth in the codicil. As said before, no such specific sum had ever been willed to the wife, so far as shown. The language used in the codicil in reference to this $1,000 does not specify that such sum was to be paid out of any particular fund, nor is such $1,000 in any way distinguished as having been willed as part of specific money or the proceeds of

specific property. We have nothing to aid us in determining whether such bequest was specific, general, or demonstrative, except the language of the codicil; and such language seems to indicate that it was a general legacy of that amount. The wife was a residuary legatee under the will. A legacy bequeathed out of the residuary estate is not a specific legacy. It does not particularly specify or distinguish the property bequeathed except as to amounts, and such sum is to be taken out of the proceeds of the residue of the estate after payment of debts and expenses of administration and of the other legacies. The terms of this legacy do not bring it within the definition of a specific legacy. It is not an unconditional bequest of any particular property specified and distinguished from all other property of the same kind belonging to the testator. It is a bequest of a specific sum of money, but the mode of payment is designated. It is to be paid out of a particular fund. That would constitute it a demonstrative legacy, and, the fund having failed out of which it is to be paid, it must be paid out of the general assets. If it be contended that it is a legacy of a specific sum payable out of the residuary estate after administration, that would not constitute it a specific, but a general, legacy. *Parker's Ex'rs* v. *Moore;* 25 N. J. Eq. 228. On the theory that the value of the property bequeathed to his wife in the will amounted to $1,000, the legacy of the $500 to the daughter, as given in the codicil, would be simply a modification of the terms of the will, and this would constitute this legacy a general one. Under no construction of the codicil and will can this legacy be construed as a specific one.

The judgment of the district court is affirmed. All concur.