[File No. 6151.]

## IN THE MATTER OF THE ESTATE OF JAMES McQUEEN, Deceased.

ANGELINE YOUNG, Respondent, v. F. W. McQUEEN, as Executor of the Last Will and Testament of James McQueen, Deceased, Appellant, and FRANK McQUEEN, Michael McQueen, Fred McQueen and Lizzie McQueen, and all Other Persons Interested, Respondents.

(250 N. W. 95.)

Opinion filed September 18, 1933.

*Rilchie & Polyhar* (*Pheney & Pheney* of counsel), for appellant.

*A. P. Paulson,* for respondent.

Holt, Dist. J.   This is an appeal from a judgment of the district court of Barnes county which affirmed a judgment of the county court interpreting a will on probate in that court.

The will which the county court was asked to, and did, interpret was as follows:

"I, James McQueen, of Luverne, in the County of Barnes and State of North Dakota being of sound mind and memory, do make, publish and declare this to be my Last Will and Testament.

"First, I order and direct that my Executor hereinafter named, pay all my just debts and funeral expenses as soon after my decease as conveniently may be.

"Second, after the payment of such funeral expenses and debts, I give, devise and bequeath to Angeline Young of Luverne, N. D. my housekeeper for many years the following described real property forever—to wit East half of (SE¼) Southeast Quarter and Southeast quarter of the Northeast quarter (SE¼ of NE¼) all in Section Six (6) Township (143) Range (57) West of 5th P. M. containing 120 acres more or less in Barnes County, North Dakota.

"Third, I give and bequeath and devise to my brother Michael McQueen of Detroit, Mich. a life estate in and to the following real property, to. wit—East half of North West Quarter (E½ of NW¼) and Northeast quarter (NE¼) of Section Seven (7) Township (143) Range (57) Barnes County, North Dakota, and upon the death of my said brother said real property is to become the absolute property of Angeline Young hereinafter named—

"Fourth, I give devise and bequeath to my brother Frank McQueen of Detroit, Mich. all the rest and remainder of my property both real and personal wherever situate absolutely and forever, subject only to the following two bequests, to wit: $1,500.00 to my son Fred McQueen, of Kalamazoo, Michigan and $1,500.00 to my wife Lizzie McQueen, of Kalamazoo, Mich. with whom I have not been living for many years, both bequests to be paid by my brother Frank McQueen out of his portion of my said estate.

"Lastly, I make, constitute and appoint Father Frank McQueen of Detroit, Michigan to be Executor of this my Last Will and Testament, hereby revoking all former wills by me made.

"IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my seal the 5th day of July in the year of our Lord one thousand nine hundred and twenty-nine."

This will was duly admitted to probate in the county court of Barnes county on August 19th, 1929, and F. W. McQueen, referred to in the will as Father Frank McQueen, and as Frank McQueen, was duly appointed Executor, qualified as such, entered into possession of all of the property mentioned in the will, except the real property mentioned in the second and third paragraphs thereof, and for about two years handled and operated the same as executor without rendering any accounting.

An inventory of the estate was filed in due time in which the real property devised to Angeline Young in the second paragraph of the will was valued at $2,160.00; the real property devised to Michael McQueen for life and after his death to said Angeline Young absolutely in the third paragraph of the will was valued at $1,680.00; and the real and personal property devised and bequeathed to Father F. W. McQueen in the third paragraph of the will was valued at $26,196.71, after deducting the two legacies of $1,500.00 each to his son and wife. The residuary devise and bequest to Father F. W. McQueen comprised 1200 acres of land valued at $22,376, on 320 acres of which there was a mortgage of $5,000.00.

In addition to the foregoing facts, the county court found the executor, on qualifying, surrendered to Angeline Young the land devised to her and permitted her to manage, farm it at her own expense, and keep the profits resulting therefrom; that he as residuary legatee took possession of all his devise and legacy, and retained all the income accruing from the real and personal property comprising the same, and as residuary legatee paid all the expenses incident to the farming and managing of the said property; that he also paid all the funeral expenses, and claims proved against the estate, as well as all expenses of administration, including taxes assessed against the 1200 acres of land devised to him, and $1,500.00 on account of the $5,000:00 mortgage covering the 320 acres of the land devised to him.

In his report the executor sought to charge against the devise to Angeline Young all the debts, funeral expenses, and expenses of administration, and the $5,000.00 mortgage and interest thereon covering the land which formed a part of his residuary devise and bequest. Objection to the allowance of this report was duly made by said Angeline Young, and in a petition filed before the filing of the final re-

port, she demanded that the lands devised to her be distributed to her. The court on the hearing of the final report, in addition to the facts above stated, found that substantially all the real and personal property inventoried and appraised was then in the hands of the executor, and that it was ample to pay all debts properly allowed against the estate, the costs of administration, and the specific legacies of $1,500.00 each to his son and wife. All the foregoing facts found by the county court were approved and adopted by the district court on appeal, and are amply supported by the evidence introduced at the hearing of the final report.

The county court in construing the will held that Angeline Young is entitled to the specific devises made to her in the decedent's will free from the charges which the executor sought to impose upon them, but subject to the taxes assessed against said devise and the inheritance tax; that F. W. McQueen, as residuary legatee and devisee, is entitled to his legacy and devise, but subject to all the charges and expenses he sought to impose on the devise to Angeline Young and subject to the $5,000.00 mortgage and interest thereon forming a part of his devise, and subject also to the payment of the two bequests of $1500.00 to Lizzie McQueen, testator's wife, and to Fred McQueen, his son.

From this determination of the county court the executor appealed to the district court, which entered its judgment affirming the decision of the county court. From that judgment of the district court and the county court entered thereon appeal was taken to this court.

In his brief appellant stated the first issue involved on the appeal was "the construction of the will and testament to determine whether or not he, the testator, designated the property devised to Angeline Young as the property to be used for the payment of his debts and funeral expenses." He then said that the whole argument might be consolidated under the single proposition above stated, and this he did both in his brief and in his oral argument before the court. As we view it, the answer to the foregoing question raised by this point will determine all of the issues involved on this appeal.

The appellant says that by the terms of the will the testator devised the real property described in the second paragraph of the will to Angeline Young charged with the payment of all the debts of the decedent,

the funeral expenses, the expenses of administration, and the payment of the mortgage on the land devised to him, and that the residuary devise and bequest to him in paragraph 4 of the will was not subject to any such payments, unless, of course, the land mentioned in paragraph 2 of the will was insufficient to pay them.

Whether or not appellant's contention is correct depends upon the intention of the testator expressed in the will. Comp. Laws 1913, § 5685. That the testator had a right to charge the debts, expenses of administration, and other burdens above numerated upon the land devised in the will to Angeline Young cannot be doubted. That he had a right to devise that land to her absolutely and free from such debts and all other charges is equally clear. Whether the testator intended that Angeline Young should take the land devised to her burdened with such debts and charges, and that she should have only so much, if any, of it as might be left after it had paid such debts and charges must be gathered from all the provisions of the will. Adair v. Adair, 11 N. D. 175, 90 N. W. 804; and that intention is more a question of fact than one of law. Northwestern Trust Co. v. Kelly, 48 N. D. 1267, 189 N. W. 497. The code provides a number of rules to aid and guide the courts in interpreting wills to determine the testator's intention. These rules are found in §§ 5685–5696, Comp. Laws 1913, and they are statutory enactments of rules of interpretation adopted and applied by a great majority of the courts of the land. One of those rules is that "the words of a will are to be taken in their ordinary grammatical sense, unless a clear intention to use them in another sense can be collected and that other sense can be ascertained." Comp. Laws 1913, § 5692. Another rule particularly applicable to the case in hand is: "The words of a will are to receive an interpretation which will give to every expression some effect, rather than one which will render some of the expressions inoperative." Comp. Laws 1913, § 5693.

Applying these cardinal rules to the will under consideration, the intention of the testator does not seem difficult to discern. The will declares, first, "I order and direct that my executor hereinafter named pay all my just debts and funeral expenses as soon after my decease as conveniently may be." This direction to the testator's executor is positive and mandatory, and the payments ordered are limited to the

funeral expenses and the debts owing by him at the time of his decease. The payment of these obligations, and these obligations alone, was made, by simple, clear, and easily understood words, the first and prime duty of the executor. This duty the executor should have performed at once, for all of decedent's property, both real and personal, without distinction between them, was chargeable with the payment of his debts (Comp. Laws 1913, § 5721), and there was enough personal property left by the decedent to pay all funeral expenses and debts approved and allowed against the estate without resorting to the devise to Angeline Young. There is an exception to the common application of decedent's will and personal property to the payment of his debts as declared by § 5721, and that is when the decedent otherwise provides. It is appellant's contention that the decedent did otherwise provide by the second clause in the will, which reads as follows: "Second, after the payment of such funeral expenses and debts, I give, devise and bequeath to Angeline Young, my housekeeper for many years, the following described real property, to-wit, etc." Appellant fastens his eye upon the words "after the payment of such funeral expenses and debts," and says that they show that the testator intended that the lands so devised to Angeline Young should pass to her charged with the payment of the funeral expenses and all the debts and expenses of administration; and this construction of the will he claims is fortified by the language in the fourth and residuary clause of the will providing that the real and personal property therein devised and bequeathed to Frank W. McQueen should be subject only to the two bequests of $1500.00 each to the decedent's wife and son.

This construction of the will cannot be accepted. In the first place, the word "such" appearing in the second clause of the will reverts back to the first clause, and, as used, is a word of limitation, and excludes all charges but debts and funeral expenses. But what is more important and fundamental and far reaching is the fact that it entirely ignores and gives no effect whatever to the first clause which directs and orders the executor to pay the funeral expenses and debts which are properly payable out of the other assets, when sufficient, without impairing specific bequests. Comp. Laws 1913, §§ 5722 and 8733. To ignore this first clause of the will is to wholly disregard the rule of construction (Comp. Laws 1913, § 5693), which requires the court

to give every expression of the will some effect, and not to treat some of the expressions inoperative unless, taking the will as a whole, it is necessary to do so, and such is not the case here. It seems clear that the testator intended that Angeline Young, who had been his faithful housekeeper for many years, should have a substantial part of his estate. The evidence shows that he had ample means when he drew the will, and when he died, to pay his funeral expenses and all the debts owed by him at the time of his death and expenses of administration without resorting to the real property devised to Angeline Young. It was entirely natural and to be expected that he should wish to reward substantially the person who had served him faithfully for many years. This, as we have said, he could do, for he owned a large amount of personal property as well as 1200 acres of land which he gave as a residuary bequest and legacy to the executor, McQueen. All of his property was applicable primarily, so far as Angeline Young was concerned, to pay the debts and expenses of administration and all other burdens resting on the testator's estate before resorting to the specific bequest made to Angeline Young. Comp. Laws 1913, §§ 5722 and 8733. Effect should therefore be given to this expression of the testator's bounty, and there is legal warrant for doing so. The code provides "that a residuary legacy embraces only that which remains after all the bequests of the will are discharged." Comp. Laws 1913, § 5720, ¶ 4. The consequence of this provision is that the specific devise to Angeline Young must be paid before there can be a residue of the estate payable to F. W. McQueen, and the proof shows that there will be a substantial devise and bequest to said McQueen after paying the legacies provided by the will and all the debts and expenses of administration.

Appellant contends that the language of the will renders the intention of the testator doubtful. But this court has said "That that construction should be adopted which tends to fix or make certain the amount of all legacies above the class of residuary legacies, rather than one which tends to aggravate the uncertainty by rendering the amount contingent upon indefinite quantities which do not appear to have been present in the mind of the testator, or, if present, to have been intended to have any peculiar effect on one of a naturally favored class. Furthermore, competition and conflict between residuary leg-

atees and general legatees should be avoided if possible." Northwestern Trust Co. v. Kelly, 48 N. D. 1267, 189 N. W. 497, supra. This language means that a general legacy is not required to contribute to the payment of decedent's debts and expenses of administration where the contribution would enhance a residuary legacy and decrease a general legacy. The same rule applies with equal, if not greater, force with respect to specific bequests and legacies.

For another reason appellant's construction of clause 2 of the will cannot be adopted, because if adopted and the debts, funeral expenses and expenses of administration are paid out of the lands devised to her, Angeline Young would be made a residuary legatee. That the testator did not intend to make her a residuary legatee is clear, because in clause 4 of his will he specifically named Frank W. McQueen, the executor, his sole residuary legatee.

Other reasons might be given for denying appellant's contentions, but enough has been stated to show that the testator intended that the land devised by him to Angeline Young should be absolute and not subject to diminution by his debts and funeral expenses and expenses of administering his estate.

Thoughtful consideration has been given to the authorities cited by appellant to support his construction of the will. They hold nothing in conflict with what has here been said and decided. But little assistance in the construction of a will can be found by consulting adjudicated cases. Each case must depend upon its own facts and circumstances, and hardly two wills are alike. The courts always, as they did in the cases cited, and as has been done here, seek to find the intention of the testator as it is manifested by the language used by him in disposing of his property. But if some of the decisions of courts of other states cited by appellant suggest different conclusions than the ones reached here in this case, they would not be binding upon this court. This court has given effect to the statutory provisions of this state and has followed its own previous decisions.

This case is substantially a contest between two individuals. While the appeal is taken by F. W. McQueen as executor, it is in reality taken in behalf of himself as residuary devisee and legatee. He alone, not the estate and the heirs as a whole, would have profited by his suc-

cess. He alone should therefore pay the costs. Wiggins v. Wiggins, 65 N. J. Eq. 417, 56 Atl. 148.

Finding no error in the record, the judgment of the lower court is affirmed.

BIRDZELL, Ch. J., and BURKE, NUESSLE and BURR, JJ., concur.

Mr. Justice CHRISTIANSON did not participate, Hon. Daniel B. HOLT, Judge of First Judicial District, sitting in his stead.