[File No. 6323.]

B. R. CRABTREE, Executor, Appellant and Respondent, v. PA-
TRICK KELLY, Mary O'Neil, Anna Byrne, Anna K. Durnin,
May Kearney, Elizabeth Treveal, Ruth Nunnamaker, Margaret
Kelly, Gertrude H. Kelly, Anna Boyle, Teresa Boyle, William
Mathews, Catherine Burlew, May Boyle, and Rev. Terence Boyle,
Respondents.

PATRICK KELLY, Appellant and Respondent.

(260 N. W. 262.)

Opinion filed April 9, 1935.

*E. E. Cassels,* for appellants and respondents.

*F. J. Graham,* for respondent and appellant.

Morris, J. Matthew Kelly died on June 4th, 1932 leaving a last Will and Testament which was admitted to probate in the county court of Dickey county. On June 27th, 1932, B. R. Crabtree was appointed executor. The Will provides for the following bequests: "I give and bequeath to my brother, Patrick Kelly the sum of $16,000 under the following conditions:—The sum of $500 to be paid within one year after my decease and the further sum of $500 to be paid within two years after by decease. The balance of $15,000 shall be, by the executors of my estate, invested in interest bearing securities and the interest thereon as it becomes due and paid shall be paid over to the said Patrick Kelly."

Then follow bequests to two other brothers and to two sisters of the deceased, and bequests of sums of money to two nieces and a nephew. The last bequest set forth in the Will reads as follows: "I bequeath the rest, residue and remainder of my estate, both real and personal as follows: To my nieces Anna Boyle, Florence Boyle, Theresa Boyle, May Boyle and my nephew William Mathews, one half thereof to be divided equally. To my brother Denis Kelly, one half thereof in trust, he to have the revenue derived therefrom during his lifetime and, at his decease, to his six daughters in equal shares. Further it is my will and I so direct that my real estate within five years after my decease be sold and the proceeds therefrom, either in cash or first mortgage thereon be distributed as herein set forth."

The will contains no provision for order of priority of payment. An annual report and a petition for partial distribution and for a construction of the Will on account of alleged ambiguities therein were filed by the executor in the county court. Patrick Kelly, one of the legatees named in the will, filed objections to the report of the executor upon the ground that no interest was charged against the executor on a deposit in the First National Bank from the time of the death of Matthew Kelly up to the filing of the report. The execu-

tor was president of the bank. He had on hand on the 15th day of August, 1933, $6,686.12 in cash as a part of the general assets of the estate and in addition thereto, the sum of $1,554.76 proceeds of two insurance policies on the testator's life. The deceased had five brothers and sisters. Patrick Kelly, a brother, filed an answer claiming one-fifth of the life insurance and also alleging that he was entitled to $15,000 under the terms of the will. The two annual payments amounting to the total of $1,000, mentioned in the bequest to Patrick Kelly have been paid. Upon a hearing in the county court, the executor's report was approved as submitted. A decree of partial distribution was made by the county court directing that the executor set aside a trust fund, the annual income from which should be paid to Patrick Kelly during his lifetime and upon the death of Patrick Kelly the trust fund should revert to and become a part of the general assets of the estate of Matthew Kelly, the testator. Due to the deficiency in assets, partial distribution was made on a pro rata basis of 50 per cent to the beneficiaries of the general bequests. The sum of $7,500 was directed to be set up in a trust fund under the partial decree of distribution. Since the executor had already paid Patrick Kelly $1,000, the county court decided that he had been overpaid to the extent of $500, and the executor was authorized to retain this sum out of the payments that would thereafter come due to Patrick Kelly. Appeals were taken to the district court from the order approving the annual report and from the decree of partial distribution. The district court construed the will to provide for a trust fund of $15,000, the interest from which was to be paid to Patrick Kelly which constituted a general legacy. It directed that $7,500, or 50 per cent, be set aside under the decree of partial distribution, and further provided that upon the death of Patrick Kelly the principal of the trust fund should become a part of the general assets of the estate of Patrick Kelly. The district court also found that Patrick Kelly and the four remaining brothers and sisters of the deceased, or their heirs, were each entitled to receive one-fifth of the life insurance, and confirmed the order of the county court allowing the first annual report and account. From the judgment of the district court both parties appealed.

Patrick Kelly contends that the words "I give and bequeath to my

brother, Patrick Kelly the sum of $16,000 . . . is an outright gift to Patrick Kelly of the sum of $16,000, and that the words which immediately follow" . . . under the following conditions:—The sum of $500 to be paid within one year after my decease and the further sum of $500 to be paid within two years after by decease. The balance of $15,000 shall be, by the executors of my estate, invested in interest bearing securities and the interest thereon as it becomes due and paid shall be paid over to the said Patrick Kelly," is a subsequent limitation of the outright gift and is inconsistent therewith. He further contends that the inconsistency is emphasized by the fact that the will contains no provision as to the disposition of the $15,000 after the death of Patrick Kelly. Section 5685, 1913 Compiled Laws, says: "A will is to be construed according to the intention of the testator. When his intention cannot have effect to its full extent it must have effect as far as possible."

In determining the intention of the testator, we will give force and effect to all expressions of the Will when they are not repugnant to each other. Iowa City State Bank v. Pritchard, 199 Iowa, 676, 202 N. W. 512; Boekemier v. Boekemier, 157 Iowa, 372, 138 N. W. 493. The language used clearly discloses an intention on the part of the testator to limit the bequest. He gives to Patrick Kelly $16,000 "under the following conditions" and immediately sets forth the conditions. The entire paragraph must be taken together. A few words cannot be segregated from the rest of the paragraph in order to sustain an absolute gift. The words of the bequest are not dominant. The conditions are part of the terms of the gift. They are expressed with equal clarity and are entitled to as much weight as the words of bequest.

Patrick Kelly argues that since no disposition of the principal sum of $15,000 is made after his death, that the conditions requiring this sum to be invested by the executor, tend toward uncertainty, and that the conditions should, therefore, be disregarded. This contention overlooks the cardinal rule of construction that the intention of the testator must govern. By giving effect to the conditions, the estate of Patrick Kelly in the $15,000 is not reduced. It is his, subject to its remaining in trust during his lifetime. He receives the income from it, but due to the conditions under which it was

given to him, he cannot spend the principal. At his death the trust terminates and the principal fund becomes a part of his estate.

It is suggested that the bequest to Patrick Kelly is a specific bequest, and is entitled to preference over other bequests set forth in the will. The bequest is not payable out of any specifically designated fund nor is it the proceeds of the sale of specified property. It is a general bequest.

"A specific legacy is a bequest of a particular or specified article of personal property distinguished from all other articles of personal property belonging to the testator. A bequest of a coin particularly marked, or of a money deposit in a particular bank, or of specified shares of bank or other corporation stock, or of a particular debt due from a particular person, or of a particular mortgage described, are instances of a specific legacy. Wheeler v. Wood, 104 Mich. 414, 62 N. W. 577; Apple's Estate, 66 Cal. 432, 6 P. 7; 2 Bouvier's Law Dict. p. 161. There is no doubt that a bequest of a certain number of dollars is a general bequest." Adair v. Adair, 11 N. D. 175, 90 N. W. 804.

The county court allowed the report of the executor without charging him with interest on the funds in his hands. The order of the county court was affirmed by the district court. Patrick Kelly specifies such affirmance as error. He claims that the executor should be charged with interest. He stresses the fact that the executor was president of the bank in which the money has been on deposit. The mere fact that the executor was an officer of the bank in which the deposit was kept will not make him liable for interest. Re Evans, 212 Iowa, 1, 232 N. W. 72. It does not appear that any interest was received by the executor upon the deposit, or that any petition was filed or order obtained, requiring the executor to invest the moneys in his hands pending settlement of the estate. On July 9th, 1932, Patrick Kelly instituted proceedings in the probate court of Hennepin county, Minnesota, which were later dismissed. The exact nature of these proceedings is not disclosed by the record, but they involved the executor in litigation pertaining to the estate, and caused expenses to be incurred which were ultimately ordered paid by the county court of Dickey county after hearing on April 4th, 1933. Hearing on claims was had January 16th, 1933. Patrick Kelly was

paid $500 in June and July, 1932, and a further sum of $500 in June, 1933. The first annual report was filed August 30th, 1933. Petition for partial distribution was filed September 26th, 1933. Under the facts in this case it was not error on the part of the district court to affirm the order of the county court allowing the filing of the annual report without requiring the executor to account for interest, when no interest was received by him.

The executor has on hand the sum of $1,554.76 which is the avails of two insurance policies issued by the New York Life Insurance Company on the life of the testator and payable to his estate. The life insurance is not mentioned in the will. The trial court held that it should be divided equally among the heirs, that is, one-fifth to each of the brothers and sisters of the deceased, or their heirs. The executor claims that the avails of the life insurance are a part of the assets of the estate, and should be distributed to the legatees. Chapter 149, Session Laws, N. D. 1929, was in effect at the time of the testator's death, and applies to the life insurance policies involved in this lawsuit, regardless of the dates of the policies or the date of the will. No vested rights accrued to anyone either under the will or the insurance policies until the death of the testator. Jorgensen v. DeViney, 57 N. D. 63, 222 N. W. 464. The law in effect at the time of his death governs. 69 C. J. 49.

The portion of chapter 149, N. D. Session Laws, 1929 pertinent to this law suit reads as follows: "The avails of a life insurance policy or of a contract payable by any mutual aid or benevolent society, when made payable to the deceased, the personal representatives of the deceased, his heirs or estate, upon the death of a member of such society or of such insured, shall not be subject to the debts of the decedent, except by special contract, but such avails shall be inventoried as part of the estate of the deceased, and shall be distributed without deduction, and pass to the heirs at law or legatees of the deceased, in due course of administration, in accordance with the laws of succession or will, as the case may be."

This chapter is almost the same as chapter 225, N. D. Session Laws, 1927 which amended § 8719, Compiled Laws, 1913. Section 8719 provided: "The avails of a life insurance policy or of a contract payable by any mutual aid or benevolent society, when made

payable to the personal representative of a deceased, his heirs or estate upon the death of a member of such society or of such insured shall not be subject to the debts of the decedent except by special contract, but shall be inventoried and distributed to the heirs or heirs at law of such decedent." Under this section this court held that a policy payable to an estate was in effect payable to the heirs of the insured and that upon the death of the insured, the heirs took the avails of the policy by contract and not by descent, and that such avails were not assets of the estate. Marifjeren v. Farup, 51 N. D. 78, 199 N. W. 181; Farmers State Bank v. Smith, 36 N. D. 225, 162 N. W. 302. It is the opinion of my four associates (with whom I do not agree on this point), and hence the opinion of this court that chapter 149, N. D. Session Laws, 1929 does not change the law as defined in the above decisions, insofar as it applies to the rights of the heirs to the avails of a life insurance policy payable to the estate of the insured. The holding of the trial court in this case is correct.

Patrick Kelly claims that should the court find that he is entitled only to the income from the bequest of $15,000, he is entitled to interest thereon from the date of death of the testator. He bases his claim upon § 5732, Compiled Laws, which provides that legacies bear interest from the time when they are due and payable. The will does not support his contention. It does not provide for a definite rate of interest nor a definite time of payment. It does provide that "the interest thereon as it becomes due and paid shall be paid over to said Patrick Kelly." The character of the legacy does not require interest to be paid thereon from the date of death of the testator, or out of other moneys in the estate. Re Murphy's Will, 48 N. D. 1267, 189 N. W. 497.

The district court found that there were not sufficient assets in the estate to pay the bequest in full. It, therefore, directed the executor to set aside and invest the sum of $7,500 as a partial distribution. Such direction is correct.

The judgment appealed from is affirmed.

Burke, Ch. J., and Nuessle and Christianson, JJ., concur.

BURR, J. I believe it fairly clear from the will that all Patrick Kelly may claim from the estate is the income from the trust fund and that at his death the money is to be distributed as part of the estate of Matthew Kelly.