MARY TUXBURY v. JOSEPH M. FRENCH.

*Findings of fact—Construction of will.*

Conclusions on evidence in cases at law must be embodied in find-
ings of facts; the Supreme Court cannot consider evidence for
the purpose of finding facts or of ruling upon them.

Extrinsic facts are admissible to aid in construing a will, though not
for the purpose of controverting its natural meaning, especially
if they are not *res gestæ.*

The Supreme Court cannot revise the construction of a will if the
finding below does not set forth the facts on which it was based.

In construing a will the evidence should place the court in the posi-
tion of the testator when he made it, and from that standpoint
its language should be read and applied unless its uncertainty
prevents.

Error to Wayne. Submitted April 15. Decided June 4..

EJECTMENT. George Young devised to his daughter,.
Mary Tewksbury, wife of Sidney Tewksbury, the s. ¾ of
the s. ½ of the s. ½ of quarter section, lot number seven-
teen in the Ten Thousand acre tract in the township of
Hamtramck, Wayne county, Michigan, containing *fifteen*
acres of land and bounded westerly by the road running
from Detroit to Pontiac, known as the Pontiac turnpike,
being 15 rods wide on said turnpike, running back east-
wardly of the same width 160 rods, and being the "same
land on which said Sidney Tewksbury now lives;" and
also a strip of land 6 feet wide lying next south of and
adjoining the before described piece of land and running
back of equal width 160 rods, which said last mentioned
piece of land lies between the parcel first above herein
devised and a piece of land now in the possession of
Joseph P. Whiting. He also devised to his daughter
Elizabeth Tewksbury, wife of George Tewksbury, the n..
¼ of the s. ½ of the s. ½ and the s. ½ of the n ½ of the
south ½ of said quarter section, containing *fifteen* acres,
of land lying directly north of the land devised to Mary

Tewksbury. The action was brought by Mary Tewksbury (Tuxbury) against French, who claimed under the devise to her sister Elizabeth. The court found in favor of the defendant and plaintiff brought error.

*Fraser & Gates* for plaintiff in error. Clearly established rules must be followed in construing wills as much as statutory requirements, 1 Redf. Wills, 422–3; Williams on Real Property, 204; the first certain description of land devised prevails in construing the will, *Wrotesley v. Adams*, Plowd., 187; *Swift v. Eyres*, Cro. Car., 546; *Goodtitle v. Southern*, 1 M. & S., 299; *Goodtitle v. Paul*, 2 Bur., 1089; *Down v. Down*, 7 Taunt., 343; *Doe v. Earl of Jersey*, 1 B. & A., 550; *Goodright v. Pears*, 11 East, 58; *Whitfield v. Langdale*, 15 Eng., 649; *Doe v. Roe*, 1 Wend., 542; *Sharp v. Dimmick*, 4 Lans., 496; *Rutherford v. Tracy*, 48 Mo., 325: 8 Amer., 104; *Haley v. Amestoy*, 44 Cal., 132; *Keith v. Reynolds*, 3 Greenl., 393; *Hammond v. Ridgely*, 5 Har. & J., 245; *Barney v. Miller*, 18 Iowa, 460; *Drew v. Drew*, 28 N. H., 489; *Lodge's Lessee v. Lee*, 6 Cr., 237; *Worthington v. Hylyer,* 4 Mass., 196; *Thatcher v. Howland*, 2 Met., 44; *Melvin v. Proprietors*, 5 Met., 15; prominent monuments control in describing real estate, *Doe v. Thompson*, 5 Cow., 371; *Jackson v. Moore*, 6 Cow., 706; *Andrews v. Rue*, 34 N. J., 402; *Myers v. Ladd*, 26 Ill., 415; if the first description of land devised is to be disregarded in construing the will, it must be considered as stricken out, *Jackson v. People*, 9 Mich., 112; *Jackson v. Sill*, 11 Johns., 218; a description of land which merely states the area and dimensions cannot control a more certain description, 3 Washb. Real Property, 350; *Jackson v. Barringer*, 15 Johns., 471; *Mann v. Pearson*, 2 Johns., 36; *Butterfield v. Cooper*, 6 Cow., 481; *Jackson v. McConnell*, 19 Wend., 175; *Gilman v. Riopelle*, 18 Mich., 145; a mistaken description of land must be rejected, O'Hara on Wills, § 13; 3 Washb. Real Property, 347; *Anderson v. Baughman*, 7 Mich., 75; *Cooper v. Bigley*, 13 Mich., 477;

*Slater v. Breese*, 36 Mich., 81; the testator's intention as embodied in the words of the will, must be given effect, though the court itself is convinced that he meant to make a different disposition of his property, *Miller v. Travers*, 8 Bing., 244; *Bible Society v. Pratt*, 9 Allen, 109; *Tucker v. Seamans' Aid Society*, 7 Met., 188; *Mann v. Mann*, 1 Johns. Ch., 231: 14 Johns., 1; *Kurtz v. Hibner*, 55 Ill., 514; *Kinney v. Kinney*, 34 Mich., 250; *Choat v. Yeats*, 1 Jacob & Walker, 104; words of devise cannot be varied or enlarged by collateral averments or parol proofs, even in cases of latent ambiguity, Wigram on Wills, 215; *Worman v. Teagarden*, 2 Ohio St., 380; *Fitzpatrick v. Fitzpatrick*, 36 Iowa, 674; where nothing remains undisposed of, a residuary clause has no effect, *Allum v. Fryer*, 3 Ad. & El. (N. S.), 442; 1 Redf. Wills, 446.

*William H. Wells* and *Ashley Pond* for defendant in error. When the intent to convey a specific quantity is plain, and the description by courses and distances would include that quantity exactly, while a description by monuments would vary from it, the former should be followed (*Baldwin v. Brown*, 16 N. Y., 361; *Hibbard v. Hurlburt*, 10 Vt., 178; *Allen v. White*, 97 Mass., 504), and the specific description limits that which is general, *Allen v. Allen*, 14 Me., 389; *Thorndike v. Richards*, 13 Me., 437; *Haynes v. Young*, 36 Me., 557; *Stewart v. Davis*, 63 Me., 543; but when the general description best discloses the will of the grantor, it is followed, *Lodge v. Lee*, 6 Cr., 237; *Wade v. Deray*, 50 Cal., 382; a description by natural monuments is less likely to be wrong, *Davis v. Rainsford*, 17 Mass., 210; the primary object in construing wills is to carry out the testator's wishes, *Williams v. Crary*, 4 Wend., 443; and greater latitude is allowed than in construing deeds, *Bowers v. Porter*, 4 Pick., 208; *Welch v. Huse*, 49 Cal., 507; *Butler v. Huestis*, 68 Ill., 594; *Sorsby v. Vance*, 36 Miss., 567; a court may be aided by extrinsic and concurrent facts in determining which of two possible readings of a will is cor-

rect, Jarman's Rule X; *Drew v. Drew,* 28 N. H., 494;
*Lowe v. Carter,* 2 Jones Eq., 377.

GRAVES, J.   Mrs. Tuxbury sued French in ejectment,
and the court sitting without a jury found against her,
and she alleges error.   Both parties claim under the
will of her father, George Young.   Her right depends on
a devise in her favor, and he claims under one in favor
of her sister Elizabeth.   The contention has grown out
of conflicting constructions, and the main end sought by
the writ of error is a final construction by this court.
The case is at law, and no review can be had except
according to the mode authorized in cases at law.   The
whole evidence was before the circuit judge for such
conclusions of fact as he might reach.   But the sub-
stance only is returned here, and that comes up in a
bill of exceptions for the mere purpose of presenting
questions of law in regard to rulings admitting evidence.

This court cannot consider evidence to find facts or
adjudge upon them.   It was open to the circuit judge
to act upon the impressions made upon him by the
whole testimony, and it was his duty at the same time
to state these impressions in the form of findings of
fact.   His impressions, however well sustained by the
evidence, unless embodied in findings, are of no impor-
tance.   This court is deprived of them.   The testimony
is not available.   Any facts which might have been found
upon it, and are not, may have a potential existence;
but for the purpose of this review the consequence is the
same as though they could not.

The important parts of the will are somewhat incon-
gruous and uncertain, and there are some indications
of extrinsic means to assist in getting at the sense of
the testator and in obtaining a correct application of
the provisions to the subject matter.   And, indeed,
the general principle is not to be overlooked that the
words of a testator, like those of other persons, naturally
refer to the circumstances about him at the time, and

that in order to have his outlook and all reasonable means of explanation of his words, not in addition or contradiction to them, but to disclose his use of them, a knowledge of these circumstances is essential.

Among the prominent facts of this character in the present case is the locality and bounds of the place on which Sidney Tuxbury lived at the time, and the fact of the locality of the land in Whiting's possession relative to the testator's farm and to the bounds of the quarter section. These are distinctly called for by expressions in the will. But the quantity of land in the farm is another fact distinctly implicated. There is no occasion now to speak of other aids.

The circuit judge had evidence before him to cause impressions concerning these matters, and counsel have assumed in argument that the facts he must have perceived and felt are brought before this court by the record. This is a mistake. The finding is meagre. It states neither of the important facts just mentioned, and it is quite obvious that the circuit judge reached other conclusions of fact in the same field of inquiry, and which he has not set out in the finding. The case is not, therefore, in shape for a construction of the will by this court. After a construction by the circuit court upon evidence aimed at all the facts, it would be an unprecedented thing for this court, without power to consider the evidence, and without having before it the facts the court below regarded as proved, to proceed to revise the determination of that court.

It was error to admit the testimony concerning the prior will and its contents, and the supposed remark of the testator relative to having signed a note with plaintiff's husband he thought he might be required to pay, and his intimations in that connection of a purpose to make the will in question, and there was error likewise in admitting the showing, such as it was, of directions by the testator for staking off fifteen acres.

In view of all the circumstances, the drift of this

testimony, so far as it had any force, was directly to extinguish, and by matter not concurring in point of time with the making of the will, whatever of natural meaning there was in the descriptive terms that the gift extended beyond fifteen acres and to the space claimed by the plaintiff. This was not competent. The controversy in the record should not be confounded with others standing on distinct grounds. Neither should there be failure to distinguish between the class of facts surrounding the testator at the time of making his will, and to which he ·may be supposed to refer in the way he takes to describe how he wills, and facts of another period, or of a nature contrary or repugnant to the sense of his words, or of such force as to introduce additional expressions.

The case presented is one which calls for extrinsic matter to explain what is written; not to alter or destroy it. It is not an occasion offered to witnesses to insert something the testator left out or to cut out something he put in. What is called for is that the court shall be placed in the situation the testator occupied when he made the will, and in that situation of advantage read the words as written, and then interpret and apply them, unless there is such an uncertainty that the law is fairly baffled. Wigram's Essay on the Evidence Admissible in Aid of Interpretation of Wills, Props. 5 and 7 and notes; Wharton's Ev., §§ 994, 995 and cases; 1 Jarman on Wills, 358; 1 Spence, 553 to 571; *Ulrich v. Litchfield*, 2 Atk., 372; *Guy v. Sharp*, 1 Myl. & K., 589, 602; *Charter v. Charter*, L. R. 7 H. L., 364; *Hardwick v. Hardwick*, L. R. 16 Eq., 168; *Whitfield v. Langdale*, L. R., 1 Chy. Div., 61; *Peacock v. Falkner*, 1 Brown C. C., 296; *Hiscocks v. Hiscocks*, 5 M. & W., 363; *Anstee v. Nelms*, 38 E. L. & E., 314; *Martin v. Drinkwater*, 2 Beav., 215; *Bainbridge v. Wade*, 1 E. L. & E., 236; *Abbott v. Middleton*, 7 H. L. Cas., 68; *Bathurst v. Errington*, (H. L.) 2 App. Cas., 698: 20 Eng., 203; *Warren v. Gregg*, 116 Mass., 304; *Roman Catholic Orphan Asylum v.*

*Emmons*, 3 Bradf. Sur., 144 : Cowan & Hill's Notes, Nos. 938, 939, 940, 942, 948; *Maryland v. Rail R. Co.*, 22 Wall., 105; *Moran v. Prather*, 23 id., 492; *Reed v. Ins. Co.*, 95 U. S., 23; *Griffiths v. Hardenbergh*, 41 N. Y., 464.

It may be well to notice one among other consider-ations to receive attention on another trial. Counsel appear to have concluded, and the judge seems to have found that the testator possessed no realty at the date of the will except the farm, and hence nothing on which the residuary clause could operate. There is certainly some evidence in the record calculated to suggest the possibility of a mistake in regard to this conclusion. The testimony of the testator's daughter, Mrs. Torry, that many years prior to the will her father owned real estate in Canada, is perhaps not important. But the evidence given by Mr. Whiting, that his holding of the parcel south of the Tuxbury tract was under a contract from the testator, and that the land "came back" to the estate after the death of the latter possesses some significance. It is certainly suggestive and serves to raise some question whether after all the testator did not own a substantial interest in this land Whiting had possession of.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.