RICHARD WALDRON v. MARION L. WALDRON ET AL.

*Construction of wills—Oral evidence—Allowance of counsel fees.*

A woman devised to her husband the undivided half of certain descriptions of land, referred to as "containing 240 acres," and she made the devise subject to a right reserved by her grantor to occupy one-half of the dwelling house thereon. She devised the other undivided half to her children. The descriptions were according to the government subdivisions, but embraced only 140 acres, which was only a part of 240 acres actually granted to her in one compact body, and no other disposition was made of the rest of this grant. The dwelling house was not upon the 140 acres devised. *Held,* that the testator's evident intent was to devise the entire 240 acres.

Oral evidence is not admissible to explain a testator's intent except so far as it brings before the court such circumstances surrounding the making of the will as may be necessary to an understanding of the terms employed.

The allowance of counsel fees, in proceedings to obtain the construction of a will, is for the probate court.

Appeal from Jackson. Submitted Jan. 12. Decided Jan. 19.

BILL for construction of will. Complainant appeals.

*Austin Blair* for complainant. In constructing wills all intendments are made to prevent partial intestacy: *Toms v. Williams* 41 Mich. 565; *Tewksbury v. French* 44 Mich. 100; the presumption is that the testator intended to dispose of all the property, 1 Jarm. Wills 1; Redf. Wills Ch. 9; but his intention must be learned by a construction of the will in view of the circumstances existing at the time (*Brown v. Thorndike* 15 Pick. 400); and parol evidence may be given to prove the surroundings though not to alter the expressions of the will, 1 Jarm. Wills 342; 1 Greenl. Ev. § 289; *Doe v. Roe* 1 Wend. 541; *Pritchard v. Hicks*, 1 Paige 271; *Zimmerman v. Zimmerman* 2 Cai. 146; *Jackson v. White* 8 Johns. 58.

*G. H. Wolcott* and *J. A. Parkinson* for defendants. A will must show, by its own terms, that the testator meant to include omitted descriptions of property before it can be construed as covering such; the question is not only what he meant but what he said: 1 Redf. Wills 433; *Griscom v. Evens* 40 N. J. L. 402; *Dunham v. Averill* 45 Conn. 67; *Tucker v. Seaman's Aid Society* 7 Met. 188; *Gwillim v. Gwillim* 5 B. & Ad. 122; *Beaumont v. Field* 2 Chit. Pr. Cas. 275; specific descriptions are restrictive and not to be rejected: *Fitzpatrick v. Fitzpatrick* 36 Ia. 674; *Winkley v. Kaim* 32 N. H. 268; *Crombie v. Cooper* 22 Grant's Ch. (U. C.) 267; descriptions by statements of quantity are unreliable and never permitted to control natural landmarks: *Bishop v. Morgan* 82 Ill. 351; *Woods v. Woods* 2 Jones Eq. (N. C.)

420; *Coleman v. Eberly* 66 Penn. St. 197; *Kurtz v. Hibner* 55 Ill. 514; the presentation against partial intestacy does not prevent requiring a will to fairly include disputed property (*Jameson's Appeal* 1 Mich. 99), and the natural heirs are entitled to all fair intendments, besides: 1 Redf. Wills 435; *Franc's Estate* 75 Penn. St. 220; *Bender v. Dietrick* 7 W. & S. 284; *Cowles v. Cowles* 53 Penn. St. 175.

COOLEY, J. The bill of complaint is filed in this case to procure an authoritative construction of the will of Emma A. Waldron, late of the township of Sandstone, in the county of Jackson. The testator was the wife of complainant, and the mother of defendants. The provisions of the will upon which the controversy arises relate to the testator's farm, and are as follows:

"*First.* I give and devise to my husband, Richard Waldron, the equal undivided one-half part of the east one-half of the southeast quarter of the northeast quarter of section No. seven. Also, the west half of the southwest quarter of the northwest quarter of sec. No. eight, all in township two south, of range No. two west, in the county of Jackson, state of Michigan, containing two hundred and forty acres, more or less, subject however to the right of William Berrien to occupy one-half of the dwelling-house on premises as reserved in his deed conveying said lands to me, to have and to hold to the said Richard Waldron, and to his heirs and assigns forever the premises above described.

"*Second.* I give and devise to my children, William Berrien Waldron and Marion Louise Waldron, the remaining undivided one-half part of the above described premises, to have and to hold the same to them and to their heirs and assigns forever, subject to the limitations hereinafter set forth."

It is apparent from these provisions that there is some error in the description of the lands which are the subject of the devise. The quantity is specified as two hundred and forty acres; but the particular descriptions which are given include one hundred and forty acres only. To solve the ambiguity the parties have introduced evidence from which it appears that the testator owned a farm of two hundred and forty acres lying together in one compact body on sections

seven and eight in township two south, of range two west, in the county of Jackson ; that this was purchased by her of William Berrien and that in the conveyance to her Berrien reserved the right to occupy one-half the dwelling-house on the premises. It also appears that the particulars given in the will, in describing the land according to the government subdivisions, are applicable to a portion of these lands.

The question then is whether the devise to complainant is limited to the undivided half of the one hundred and forty acres particularly described according to the government subdivisions, or will embrace the undivided half of the two hundred and forty acres which the testator owned and occupied. It is conceded that one or the other is the true construction.

We agree with counsel for defendants that oral evidence cannot be received to explain the intent, except as it may bring before the court such circumstances surrounding the making of the will as may be necessary to an understanding of the terms employed. The evidence of the scrivener as to the statements of the testator made to him preliminary to the drafting of the will must therefore be rejected. To act upon these would be to frame a new will for the testator, based upon an intent which we should reach upon parol evidence, but which she had failed to express in legal form.

But we think the testator has sufficiently described in the will the whole farm of two hundred and forty acres, and devised to the complainant the undivided half thereof. She names the sections, township, county and State in which it is situated ; she specifies the quantity ; she makes it subject " to the right of William Berrien to occupy one-half of the dwelling-house on the premises, as reserved in his deed conveying said lands to " her, and all these particulars coincide with the land she owned and occupied, and embrace the whole of it. If there was nothing more in the description the case, we think, would be clear. But the remaining portion of the description raised an ambiguity, for it particularly specifies government subdivisions which include one hundred and forty acres only. But if this portion stood alone

there would still be an ambiguity, for the house, the use of a part of which is reserved to Berrien, is not upon the one hundred and forty acres, and the reservation is therefore idle and meaningless if the devise is thus restricted. Moreover it is evident the testator intended the use of the house, so far as not reserved to Berrien, should pass to her husband, and this intent is defeated if the devise is limited to the smaller quantity.

If the devise was meant to be restricted to one hundred and forty acres, the testator committed two mistakes: *First,* in specifying the quantity; and *second,* in supposing that her dwelling-house was upon the land described, when it was not. Both these are unlikely mistakes, but the latter especially so, for it seems incredible that the testator should not have known the location of her dwelling-house. If the intent was that the devise should be of an undivided half of the whole two hundred and forty acres, there is a mistake in describing the lands according to the government subdivisions; but nothing is more common than such an error. The accidental substitution of one small word for another—such as an *of* for an *and*—often introduces incalculable mischief in such descriptions.

It is plain from what has been said that the particulars the testator gives in her will cannot all be satisfied unless the whole two hundred and forty acres are held to be devised, and that the devisee cannot otherwise have any use of the dwelling-house. The inference that such was the intent seems, therefore, irresistible. Moreover in that case the testator will not have died intestate as to any of her lands; and as nothing in other parts of the will indicates an expectation that she would do so, this is a circumstance of some importance. On the other hand the description which is given by government subdivisions is only incorrect in that it fails to embrace all the lands; it is correct so far as it goes and therefore is harmless.

Many cases supposed to resemble this were cited by counsel on the argument, but we do not specially rely upon any of them. We decide the case upon its special facts, and on

familiar legal principles.    We have been requested by counsel
to make proper allowance for services in this case; but in
*Toms v. Williams* 41 Mich. 552, we held this to be the
proper business of the probate court.    We have no doubt
that court will do what is just in the premises.

A decree will be entered in accordance with the views
above expressed.

The other Justices concurred.