BACHINSKI *v.* BACHINSKI'S ESTATE.

1. DESCENT AND DISTRIBUTION—WILLS—EXCLUDED CHILD — PETI-
TION FOR SHARE IN ESTATE—EVIDENCE.

In a proceeding by a child of a testator, under section 9286, 3
Comp. Laws, for a share in her father's estate, on the ground
that he omitted to provide for her in his will through mis-
take, it appearing that the will was made when she was 11
years old, whether she became an inmate of a house of ill-
fame when 18 years old was immaterial, and she having de-
nied it on examination as a witness, evidence to prove the
fact was properly rejected.

2. SAME—WILLS—OMISSION OF CHILD—MISTAKE—EVIDENCE.

In a proceeding under section 9286, 3 Comp. Laws, by a child,
for a share in her father's estate, on the ground that he
omitted to provide for her in his will through mistake, the
fact of mistake may be proved by extrinsic evidence.

3. SAME—MISTAKE OF LAW.

The mistake causing a testator to omit to provide in his will for
a child which will authorize assigning to such child such a
share in his estate as she would have received had he died in-
testate (section 9286, 3 Comp. Laws), may be a mistake of
law as well as a mistake of fact.

4. SAME—MISTAKE OF SCRIVENER.

Where a testator relied upon the opinion of the scrivener who
drew his will that his daughter would share in his estate not-
withstanding his omission to provide for her, there was a
mistake of law authorizing the distribution to her of a share
in the estate under section 9286, 3 Comp. Laws.

5. SAME—EVIDENCE.

In a proceeding by a child for a share in her father's estate,
under section 9286, 3 Comp. Laws, the financial condition of
the estate was immaterial, and was not admissible as res gestæ.

6. APPEAL AND ERROR — REVIEW — RECORD — ADMISSIBILITY OF
LETTERS.

Whether there was error in refusing to admit certain letters
claimed to have been written by petitioner, but which she
denied writing, cannot be reviewed where neither the letters
nor a statement of their contents are in the record.

Error to Bay; Collins, J. Submitted February 18, 1908. (Docket No. 67.) Decided May 26, 1908.

Annie Bachinski filed a petition in the probate court under 3 Comp. Laws, § 9286, for a share in the estate of John Bachinski, deceased. The petition was granted, and Frances Bachinski, executrix of the will, appealed to the circuit court. There was judgment for petitioner, and defendant brings error. Affirmed.

*Pierce & Kinnane,* for appellant.

*Frank S. Pratt* (*W. A. Hayes,* of counsel), for appellee.

Petitioner, the daughter of John Bachinski, deceased, filed the petition in this case in the probate court of Bay county, asking that she be decreed the same share in her father's estate that she would have been entitled to had he died intestate. The petition was presented under 3 Comp. Laws, § 9286, which provides that such child shall be entitled to such a decree, if it appear that such omission was not intentional but was made by mistake or accident. Petitioner's mother died when she was between 4 and 5 years of age. Some time after her death the father became acquainted with a widow, Mrs. Frances Plath, who had two daughters. The latter part of 1890, Mr. Bachinski took the petitioner and went to live with Mrs. Plath and her daughters. Mrs. Plath had a child by Mr. Bachinski. Some ten years after the birth of the child Mrs. Plath and Bachinski were married. The will was executed July 13, 1891. It gave all his property to Mrs. Plath, and made her his executrix. After the will was admitted to probate this petition was filed. The prayer was granted, and Mrs. Bachinski appealed to the circuit court where the case was tried by a jury who rendered a verdict in favor of the petitioner.

To a special question, "Was the omission to provide in the will in question for Annie Bachinski intentional?" the

jury answered, "No;" and to the question, "Was the omission to provide in the will in question for Annie Bachinski due either to accident or mistake ?" they answered, "Yes."

Mrs. Bachinski seeks a reversal in this court for alleged errors upon the trial.

GRANT, C. J. (*after stating the facts*). 1. The petitioner was 11 years old when the will was made. She lived with her father about six years thereafter. Respondent sought to show, on cross-examination of the petitioner, that she, when about 18 years of age, became an inmate of a house of prostitution. The testimony was properly rejected. *People* v. *McLean*, 71 Mich. 309; *People* v. *Mills*, 94 Mich. 630; *People* v. *Abbott*, 97 Mich. 484.

2. It is claimed that on account of this conduct an estrangement took place between the father and daughter. Even if this were so, it would have no bearing upon the condition of affairs at the time the will was made, six years before, when petitioner was a little over 11 years of age, neither would it afford any reason for his omission to provide for her. The record contains no evidence tending to show that there was the slightest estrangement between them at the date of the will, neither could there well be in the case of a child of such tender years. The only excuse offered for disinheriting his own daughter is that Mrs. Plath had loaned him some money.

3. *Kinney* v. *Kinney*, 34 Mich. 250, and *Waldron* v. *Waldron*, 45 Mich. 350, have no application to a case under this statute. Those cases apply to the construction of provisions of wills devising property to devisees therein named, not to a case where the testator omits his own offspring from his bounty. There is a serious conflict in the cases as to the character of the evidence required by this and similar statutes. 1 Underhill on Wills, § 243. A rule that the question must be determined "from the four corners of the instrument" would render the statute of little

value. In reason and common sense resort must be had to extrinsic evidence. The intent cannot often appear from the will itself. See note to *Thomas* v. *Black*, 8 Am. Prob. Rep. 340 (113 Mo. 66), where numerous authorities are cited; *Coulam* v. *Doull*, 133 U. S. 216.

It appears from the testimony of the scrivener who drew the will that the testator knew that he omitted to mention his daughter, but it also appears that the scrivener told him that it would not cut off his daughter from a share in his estate. The mistake therefore was one of law. Is such mistake within the statute? We held that it is not a universal, though a general, rule that equity will not relieve against a mistake of law. *Renard* v. *Clink*, 91 Mich. 1.

It would certainly be a harsh rule to hold that where it clearly appeared that the testator omitted his own children from his will by a mistake of law and in the belief that he had not disinherited them, the omission was intentional. This question is decided under a statute practically like our own by the supreme court of Massachusetts. *Ramsdill* v. *Wentworth*, 101 Mass. 125. It was there said:

"The nature of the mistake is not material. There is no distinction between mistake of fact and mistake of law in this regard. If the testator, in ignorance or mistake of law, supposed that he had provided for them by the terms used in his will, then his failure to name them, or to use apt words of devise to them, cannot, within the meaning of the statute, be regarded as an intentional omission."

In this case it is clear that the testator did not, within the meaning of the statute, purposely omit his daughter from his will. The statement made by the scrivener to him, and statements made by the testator that his property would go to his two children, were competent to show that he unintentionally omitted petitioner from his will. We held in *Re Estate of Stebbins*, 94 Mich. 304, that although the testator had named his grandchild in his will but without making any provision for her, the question of whether he intentionally or unintentionally omitted

her from the will was a question of fact for the jury. We think there is stronger evidence in this case than in that to show the testator's intention.

4. The court did not err in refusing to permit the respondent to show the financial condition of the estate of the deceased. Whether the deceased left an estate large or small has no bearing whatever upon the issue. The amount of the estate would not afford any reason for excluding his only legitimate child from his bounty.

5. It is also urged that the court erred in refusing to admit certain letters, claimed to have been written by the petitioner but which she denied writing. Neither the letters nor a statement of their contents are in the record. The question of their admissibility, therefore, is not properly before us.

Judgment affirmed.

MOORE, J., concurred.

OSTRANDER, J. I agree to an affirmance of the judgment. As to the point first discussed in the opinion of Mr. Justice GRANT, the record discloses that the petitioner denied on her direct examination that she had ever been an inmate of a house of ill-fame. Appellant then offered to prove the fact. I think, under the circumstances of this case, as set out in the opinion of Mr. Justice GRANT, the testimony was properly excluded. Upon the subject of the condition of the estate of the deceased, which appellant offered to prove and was not permitted to prove, I concur in holding that the condition of the estate was not a part of the res gestæ, which is the ground, and only ground, asserted in this court for admitting the testimony.

BLAIR and MONTGOMERY, JJ., concurred.