GLOEDE v. RAUTENBERG.

WILLS — CONFLICTING PROVISIONS — CONSTRUCTION — INTENT OF TESTATOR.

Testator owned a farm equipped with the usual amount of personal property necessary for its proper management, and also some money, notes and mortgages. By the terms of his will he gave to his wife the use, control and income for life of all his real and personal estate, and by a later provision gave to his children "all the loose money which I now have outstanding, such as notes and mortgages," etc. *Held*, that it was the manifest intent of testator to give to the wife the use of the farm and the personal property thereon, and to the children the property described in the later provision; since, in the construction of wills, the real intent and meaning of the testator must, if possible, be given effect, and all the different clauses considered and, so far as possible, harmonized.

Appeal from Macomb; Tappan, J., presiding. Submitted February 17, 1909. (Docket No. 39.) Decided April 24, 1909.

Bill by John Gloede, administrator de bonis non of the estate of Dorothea Schreiber, deceased, against John Rautenberg, executor of the last will and testament of Frederick Schreiber, deceased, for a construction of said will. From the decree rendered, complainant appeals. Affirmed.

*Jay Fuller*, for complainant.

*Spier & Dusse*, for defendant.

MOORE, J. Frederick Schreiber died on the 20th day of February, 1905, testate, leaving a widow and nine children. He left a will which was admitted to probate, and the defendant was the executor thereof. The other defendants are the sons and daughters of testator. The deceased left a farm on which he lived for many years, and personal property consisting of notes, mortgages, and land contract interests. The estate inventoried $10,951.13; about one-half the value being real estate. The will was drawn by a justice of the peace not accustomed to drawing wills. After the will was admitted to probate, the executor refused to give to the widow any part of the income from the personal property, claiming that all the personal property belonged to the children named in the will, free from any claim for income on behalf of the widow. She then filed her bill of complaint praying for a construction of the will as to the question whether or not she was entitled to the use and control of all the personal estate during her natural life. After the filing of the bill of complaint, and before the hearing, the widow died intestate. This suit was revived by John Gloede, administrator.

The circuit judge construed the will as follows:

"It is my conclusion that these several sections made the

following distribution of the estate: To the widow, the use, income, and control of the farm during her lifetime. To the widow the use, income and control of all personal property of deceased at the time of his death, except mortgages, notes, and land contracts that deceased had outstanding on November 27, 1899, or the proceeds of these. The title and use of the mortgages, notes, and land contracts that deceased had outstanding on November 27, 1899, or the proceeds of these passed to the seven daughters and the son immediately upon death of deceased. Section 3 of the will gives the use, income, and control of all stock and the proceeds of the sale of stock or crops to the widow during her lifetime. It appears in proof that these were sold, but there is no proof as to the amount of the proceeds of the sale held by deceased on February 20, 1905, the date of his death. If there were any such proceeds, they should have been set aside as a fund for the support of the widow during her lifetime. In view of the fact that the will was so drafted as to call for a construction of its terms in order to protect both the executor and the heirs, the executor of the estate is directed to pay out of the general estate, including the mortgages, notes, etc., the legal fees and costs of both the complainant and the estate, and also to pay to complainant's solicitor the sum of $35, unless the complainant or someone on her behalf has paid to him that amount," etc.

A decree was entered accordingly. The case is brought here by appeal.

The provisions of the will requiring consideration are as follows:

"(3) I give, devise and bequeath to my beloved wife, Dorothea Schreiber, the use, control and income of all my real and personal estate during the term of her natural life. * * *

"(6) I give to my seven daughters and my son Louis, equally, that is, after my decease, all the loose moneys which I now have outstanding, such as notes and mortgages, to be divided between (them).

"(7) I give, devise and bequeath to my seven daughters hereto mentioned the reversion or remainder of my land situated in the township of Sterling, county of Macomb, Michigan, described as follows: * * * Their heirs and assigns, from and after the decease of my said

wife. to these or each of these the use and behoof forever, equally divided."

In construing wills this court has repeatedly laid down the rule that the real intent and meaning of the testator, as expressed in the will, must be given effect if possible, and all the clauses of the will must be considered and harmonized if possible. *Bailey* v. *Bailey*, 25 Mich. 185; *Barnes* v. *Marshall*, 102 Mich. 248; *Gadd* v. *Stoner*, 113 Mich. 689; *Smith* v. *Jackman*, 115 Mich. 194. In 30 Am. & Eng. Enc. Law (2d Ed.), p. 666, it is said:

"Surrounding facts and circumstances to be considered. In endeavoring to construe a will so as to ascertain the intention of the testator, the court will put themselves as far as possible in the position of the testator by taking into consideration his modes of thought and the circumstances surrounding him at the time of the execution of the will. Thus the courts will consider the condition of his family and estate, the comparative amounts of realty and personalty, his affection for the legatees, his social relations, the mode of life in which his family have been reared, and the means provided by him in his lifetime for their culture and happiness."

See, also, *Tuxbury* v. *French*, 41 Mich. 7; *Gilchrist* v. *Corliss*, 155 Mich. 126. In 30 Am. & Eng. Enc. Law, p. 685, it is said:

"Inconsistency and repugnancy. If possible, the court will reconcile two apparently inconsistent and repugnant provisions in a will in order to carry out the testator's intentions as to the disposition of his estate, and in so doing will endeavor not to disturb the first provision further than is absolutely necessary to give effect to the second. But, if the provisions are absolutely irreconcilable, the latter will be preferred, and will prevail over the former."

It is evident that all the provisions of sections 3 and 6 of the will cannot be given effect. When the will was made, the testator lived on a farm of good size, upon which there was the equipment of personal property usual for the proper management of the farm. The testator was the owner of some money, some notes and mortgages,

and some papers which were in form land contracts, but, in fact, mortgages. This being the situation, What did the testator intend to do in this poorly drawn will? We think it apparent he intended to give his wife the use of the farm and the personal property thereon, and to his children named in section 6 of the will the property described in said section.

The decree of the court is affirmed, with costs to appellees.

OSTRANDER, HOOKER, McALVAY, and BROOKE, JJ., concurred.