HOOKER, MOORE, MCALVAY, and BLAIR, JJ., concurred.

---

\* *In re* MOOR'S ESTATE.

NAGELI *v.* McMORRIS.

1. WILLS—BEQUESTS—LIFE INTEREST.

A bequest to the wife of testator of his personal property, except notes, mortgages, bonds and similar valuables, of which only the use and interest during her life was granted, the same to be equally divided after her death among his brothers and sisters, operates as a gift of the other property absolutely, and transfers a life interest in the excepted securities.

2. SAME—DEVISE—REAL PROPERTY—LIFE ESTATE.

A devise of testator's real property to his widow, under like re-

163 MICH.—23.

strictions, conveys a life estate, notwithstanding a subsequent provision in the instrument that, although she should have the right to dispose of the real estate, the testator expected her to carefully and prudently save and invest the proceeds realized from the sales thereof, for the benefit of the other devisees.

3. SAME.

Her failure to comply with such requirement would charge her estate with liability for the proceeds of sales of the realty.

4. SAME—CONSTRUCTION—EVIDENCE.

Where the language of a will is plain and unambiguous, the intention of the testator must be gathered from its terms and is not to be determined from alleged declarations made by testator after its execution, or from the subsequent condition of the parties in interest.

5. SAME—DEVISES—LIFE ESTATE.

A life estate expressly created will not be converted into a fee absolute or qualified, or into any other form of estate greater than a life estate, merely by reason of there being coupled with it a power of disposition, however general or extensive. *Jones* v. *Jones*, 25 Mich. 401, distinguished.

6. WORDS AND PHRASES—USE.

Use is the employment of a thing or applying it to one's service; not the thing itself or any part of it; of a building, use refers to the rent obtainable; of money, the interest.

Certiorari to Bay; Collins, J. Submitted October 17, 1910. (Docket No. 12.) Decided November 11, 1910.

Catherine McMorris, administratrix, presented to the probate court a petition for the construction of the will of Caspar Moor, deceased. From the order entered construing the instrument, Anna Nageli appealed to the circuit court. A judgment modifying the order of the probate court is reviewed by the administratrix on writ of certiorari. Affirmed.

*F. W. De Foe* (*Hugo P. Geisler*, of counsel), for appellant.

*Pierce & Kinnane*, for appellees.

BROOKE, J. The only question involved in this pro-

ceeding is the proper construction to be given to the will of the deceased. That will is as follows:

"I, Caspar Moor, of West Bay City, in Bay county, State of Michigan, of the age of forty-seven years, and being of sound and disposing mind and memory, do ordain, publish and declare this as and for my last will and testament in the manner following, that is to say:

"There being no issue from the matrimony with my wife, Magdalena Moor, née Zybach, I hereby give and bequeath to her all my personal property of what kind and nature soever, with the restriction, however, that so far as such personal property consists of moneys, notes, mortgages, bonds or similar valuables, she shall only have the use and interest of the same during the time of her life, and that after her death such property shall be equally divided among my brothers and sisters or their heirs, if any of my brothers and sisters should have departed this life before the death of my said wife.

"I further give and devise all my real estate to my said wife under the same restriction and condition as hereinbefore mentioned, and although my said wife shall have the right to dispose of the real estate hereby devised to her, I confidently expect that she will carefully and prudently save and invest the proceeds realized from the sales of such real estate for the benefit of my brothers and sisters and their heirs, as the case may be.

"And I hereby appoint my said wife executrix of this my last will and testament.

"In witness whereof, I have signed and sealed these presents and declared the same as and for my last will and testament, at Bay City, in the county of Bay and State of Michigan, this nineteenth day of June, A. D. 1879.

"CASPAR MOOR.   [L. S.]

"The above instrument, consisting of one-half sheet, was at the date thereof, by the said testator, Caspar Moor, signed and sealed and published and declared as and for his last will and testament, and we, the undersigned, have subscribed our names thereto as attesting witnesses, in the presence of the said testator, and of each other, the day and year hereinbefore mentioned.

"HARVEY GILBERT,<br>
"F. SIMON,<br>
"E. ANNEKE.

"Residing in Bay City, Bay County, Michigan."

By the terms of the order, made by the court below, it was determined that under this instrument Magdalena Moor took a life estate only in the real estate and in that portion of the personal estate covered by the restriction. It is urged on behalf of appellant that a proper construction of the language used by the testator would result in a holding that Mrs. Moor took an absolute title in fee simple to all the property mentioned in the will.

We think it should be said at the outset that rarely, if ever, has a will been presented to this court for construction where the intention of the testator may be so clearly and certainly determined by an examination of the language used. At the time the will was executed, the testator was engaged in two lines of commercial endeavor. He had a meat market, and was a commercial fisherman. In both lines of business, certain personal property was employed. This property, and all his other personal property, except "moneys, notes, mortgages, bonds or similar valuables," by the terms of the will was given to the wife absolutely. Touching these excepted items, the will declares that "she shall only have the use and interest of the same during the time of her life." The will then further provides "that after her death *such property* shall be equally divided among my brothers and sisters or their heirs."

We next consider the clause dealing with the real estate. This we find is given and devised to the wife "under the same restriction and condition as hereinbefore mentioned." That the restriction here mentioned refers to the one contained in the earlier paragraph of the will relating to certain personal property is not even questioned. This language, and this alone, is the source of Mrs. Moor's interest in the real estate. The concluding portion of the paragraph, in which she is clothed with the power of disposition, cannot possibly be construed to enlarge that interest, or to change it from a life estate to one in fee. While she is not commanded, she is confidently expected, to "carefully and prudently save and invest the

proceeds realized from the sales of such real estate for the benefit of my brothers and sisters and their heirs, as the case may be." Her failure to comply with this injunction would not relieve her estate from the necessity of accounting to the brothers and sisters of the testator for the proceeds of such sales. By the terms of the devise *she was given the use of* the real estate for life only. The testator *expected* that she would prudently save and invest the proceeds of any sales she might make. Whether she did as he expected or not, her interest in the real estate was not by this language enlarged.

Where the language of the will is plain and unambiguous, as we find it to be in this case, it is elementary that the intention of the testator must be gathered from its terms. Testimony of the condition of the parties and of alleged declarations of the testator, made subsequent to the execution of the will, as to his intention, was offered in the court below. Such testimony cannot be considered, when it is possible to determine, from the words used, the true intention of the testator. *Kinney* v. *Kinney,* 34 Mich. 250; *Tuxbury* v. *French,* 41 Mich. 7 (1 N. W. 904); *Toms* v. *Williams,* 41 Mich. 552 (2 N. W. 814); *Waldron* v. *Waldron,* 45 Mich. 350 (7 N. W. 894); *Wales* v. *Templeton,* 83 Mich. 177 (47 N. W. 238); *Wheeler* v. *Wood,* 104 Mich. 414 (62 N. W. 577); *Sondheim* v. *Fechenbach,* 137 Mich. 384 (100 N. W. 586).

Appellant contends that this case is controlled by *Jones* v. *Jones,* 25 Mich. 401, *Dills* v. *La Tour,* 136 Mich. 243 (98 N. W. 1004), and cases of like character. In that line of cases the testator, after making an absolute devise, with full power of alienation and consumption, attempted to control the disposition of such uncertain portion of the devised estate as might remain after the death of the original devisee. The distinction between such cases and the one under consideration is clear and broad. Here there is no power granted to consume the corpus of the estate or any portion thereof; but the first taker's interest is strictly limited to the use and interest thereof during her life.

We deem it unnecessary to cite authorities to sustain this construction, but an examination of the following will be found instructive upon the point involved: *Glover* v. *Reid,* 80 Mich. 228 (45 N. W. 91); *Gadd* v. *Stoner,* 113 Mich. 689 (71 N. W. 1111); *Robinson* v. *Finch,* 116 Mich. 180 (74 N. W. 472); *Fecht* v. *Henze,* 162 Mich. 52 (127 N. W. 26). See, also, *Mansfield* v. *Shelton,* 67 Conn. 390 (35 Atl. 271, 52 Am. St. Rep. 285), where it is said:

"A life estate, expressly created, will not be converted into a fee, absolute or qualified, or into any other form of estate greater than a life estate, merely by reason of there being coupled with it a power of disposition, however general or extensive."

A portion of the argument for appellant is based upon the use of the word " only;" it being appellant's contention that this word refers, not to the character of the estate to be enjoyed by Magdalena Moor, but to the term of its enjoyment. Such a construction is strained, unnatural and wholly unwarranted.

It is further urged the word " use," in the phrase " she shall only have the use and interest of the same during her life," should be interpreted as granting the power of consumption. Webster defines the word, used as a noun, primarily as follows:

" The act of employing anything, or of applying it to one's service; the state of being so employed or applied; application; employment; conversion to some purpose; as, the *use* of a pen in writing; his machines are in general *use.*"

In *Spooner* v. *Phillips,* 62 Conn. 62 (24 Atl. 524, 16 L. R. A. 461), the court, in defining this word, said:

" What is the ordinary meaning of the *use* of a thing ? It is not the thing itself, or any part thereof, but is that which the thing will produce. If it is a house or other building, or any other form of real estate, it is the rent which can be obtained for it. If it is money, it is the interest which it will earn."

The word clearly does not, in its ordinary acceptance, impart the power to dissipate, destroy, or consume.

Our conclusion is that the intention of the testator is plain, that he used apt and unambiguous language to express that intention, and that by his will he gave to his wife a life estate only in the restricted portion of his personal estate and in his real estate.

The order of the circuit court is therefore affirmed.

HOOKER, MOORE, MCALVAY, and BLAIR, JJ., concurred.