*In re* SCHULTZ'S ESTATE.

1. ADOPTION — PERSONALTY — DESCENT AND DISTRIBUTION — STATUTES—CONSTRUCTION.

   Where an adopted daughter dies intestate, leaving neither husband or issue, personal property left by her which she received from the adoptive father belongs to his heirs, under the provisions of 3 Comp. Laws 1915, § 11808, construed in connection with section 13913, subd. 6.

2. SAME — IDENTIFICATION OF PERSONALTY QUESTION OF FACT — STATUTES—CONSTRUCTION.

   The contention that said section 11808 should not be construed to apply to personalty generally, such as money or the residue of an estate, because of the difficulty of determining whether the personal estate left by an adopted child had come from the adoptive parent or parents, cannot be sustained, since the identification of such property is a question of fact to be determined as in will cases where estates have been bestowed for life with power to use or expend the principal as well as income, with the remainder, after termination of the life estate, to be taken by others.

Case-made from Wayne; Houghton (Samuel G.), J., presiding. Submitted October 13, 1920. (Docket No. 99.) Decided December 21, 1920.

The Detroit Trust Company, administrator of the estate of Minnie Schultz, deceased, presented its final account and asked for an order of final distribution. There was an order determining Julia Grosshans to be the heir of said estate, and Alex. J. Groesbeck, attorney general, appealed to the circuit court. Judgment affirming the probate order. The attorney general appeals. Affirmed.

On inheritance by or from adopted child, see note in 17 L. R. A. 435.

*Alex. J. Groesbeck,* Attorney General, and *Duane H. Mosier,* Assistant Attorney General, for appellant.

*Henry C. Rummel,* for appellee.

CLARK, J. Upon the death of Carl Schultz, in 1914, his estate, valued at $3,000, descended to his adopted daughter and sole heir at law, Minnie Schultz. In 1918, Minnie Schultz died, intestate, without husband or natural kindred, and at her death there remained of the fund received from the estate of her adoptive father the sum of $800, held by the Detroit Trust Company, administrator of her estate by appointment of the probate court for Wayne county. Of the kindred of Carl Schultz, Julia Grosshans, a niece, alone survives. The question in this case is whether the estate of Minnie Schultz descends to the said niece of the adoptive father or escheats to the people of the State. The question came to the circuit court for determination, the facts being stipulated by counsel, and it was there held that the estate descends to Julia Grosshans, the niece. The State has brought the matter here on case-made.

The distribution of estates is governed by statute. The attorney general contends that under the general statute providing for descent and disposition of personal estates, section 13913, 3 Comp. Laws 1915, the estate of Minnie Schultz does not descend to the kindred of her adoptive father, but, there being no husband or natural kindred of said Minnie Schultz, escheats to the people of the State by virtue of 3 Comp. Laws 1915, § 11795, subd. 6:

"If the intestate shall leave no wife nor husband nor kindred, his or her estate, as the case may be, shall escheat to the people of this State for the use of the primary school fund."

See *VanDerlyn* v. *Mack,* 137 Mich. 146 (66 L. R. A.

437, 109 Am. St. Rep. 669, 4 Ann. Cas. 879) ; *Ultz* v. *Upham*, 177 Mich. 351.

Unless some statute can be found making Julia Grosshans, niece of the adoptive father, Carl Schultz, an heir at law of Minnie Schultz, the adopted daughter, the contention of the attorney general must be sustained. The circuit judge was of the opinion that there was such a statute. Chapter 225, 3 Comp. Laws 1915, provides as to descent of real estate. There are in the chapter 14 sections, the last (11808) was added in 1891 and is as follows:

"Whenever any person heretofore or hereafter adopted by any person or persons, with intent to make such person an heir at law of the person or persons adopting the same, shall die intestate, leaving no issue, any real estate possessed by such person at the time of his or her decease, which has come to such person from or through such adopting parent or parents, shall descend to the persons and in the same manner as though such person had been the natural child of the person or persons from or through whom such estate shall have come as aforesaid."

Section 1, chap. 57, judicature act of 1915 (section 13913, 3 Comp. Laws 1915), provides in part:

"Whenever any person shall die possessed of any personal estate or of any right or interest therein, not lawfully disposed of by his last will, the same shall be applied and distributed as follows."

This is followed by seven subdivisions, the first five relating to distribution of wearing apparel and ornaments and household furniture, widow's allowance, support of widow and children during pendency of probate proceedings, support of children under 10 years of age, and payment of debts. The sixth division is as follows:

"The residue, if any, of the personal estate shall be distributed as follows: One-third thereof to the widow of the deceased, and the remaining two-thirds to his

children, or the issue of any deceased child or children, if any there be, by right of representation, except that if there be but one child, or the issue of such child living, then to the widow one-half of such residue and to such child, or the issue thereof, the other half, and if there be no widow nor child of the intestate living at his death, his estate shall be distributed to all his lineal descendants, and if all such descendants are in the same degree of kindred to the intestate, they shall share the estate equally, otherwise they shall take by right of representation. In case the deceased shall leave a widow and no children, or the issue of any deceased child surviving him, then such residue, if it shall not exceed the sum of three thousand dollars, shall go to the widow and the other half to the father and mother of the deceased, if living, in equal shares; if either parent be deceased, such share shall go to the survivor, and if both parents be deceased, such share shall be distributed equally to the brothers and sisters and the lineal descendants of any deceased brother or sister by right of representation. And if there shall be neither father nor mother, nor brother nor sister, nor children of such brother or sister surviving, then such residue shall go to the widow. In any other case the residue, if any, of the personal estate shall be distributed in the same proportion and to the same persons, and for the same purposes, as prescribed for the descent and disposition of the real estate."

The seventh subdivision relates to the distribution of the personal estate of a *femme covert* and is also concluded:

"In any other case the residue, if any, of the personal estate shall be distributed in the same proportion and to the same persons, and for the same purposes as prescribed for the descent and disposition of the real estate."

Is this case "any other case" under the concluding sentence of the sixth subdivision of said section 13913? We think so. Indeed to decide the case we must by the reference contained in said section 13913 return to said chapter 225 relating to descent of real property

and determine whether this estate shall escheat to the people of the State under said section 11795, subd. 6, of said chapter or shall descend to Julia Grosshans under said section 11808 of said chapter. The reference to the chapter is entire. In the distribution of personal estate said section 11808 can be applied only in case the personal estate "has come to such person (the person adopted) from or through such adopting parent or parents." So in this case if the property left by Minnie Schultz at her death came to her from her adoptive father then, in disposing of that property, she is to be treated as the natural child of Carl Schultz and hence Julia Grosshans is to be treated as her heir at law. That such property did come from Carl Schultz is, we think, conceded. The stipulation of facts recites:

"The property of which he died possessed descended to said Minnie Schultz, the adopted daughter; that it was of the value of about three thousand dollars ($3,000) ; that said Minnie Schultz had been living on said $3,000 until her death, and that the balance of said $3,000 still unused is the $800 held by the Detroit Trust Company."

It is argued that it was not intended that said section 11808 should be applied to personal estates generally because of the difficulty, if not impossibility, of determining whether the personal estate left by an adopted child, deceased intestate, had come to such child from or through the adoptive parent or parents, that the section might be applied to certain articles of personal property which, like real estate, are capable of identification, but could not be applied to money or to a general residue or remainder of a personal estate. This is answered by a line of will cases where estates have been bestowed for life with power to use and expend or dispose of the principal as well as the income, with direction that the remainder after the determi-

nation of the life estate shall be taken by others. What constitutes such a remainder is a question of fact, and whether the personal estate of an adopted child, deceased intestate, came to such child from or through the adoptive parent or parents is likewise a question of fact.

See *Glover* v. *Reid,* 80 Mich. 228, and cases cited; *Drier* v. *Gracey,* 203 Mich. 399; *Laberteaux* v. *Gale,* 196 Mich. 150; *Bateman* v. *Case,* 170 Mich. 617; *In re Moor's Estate,* 163 Mich. 353; *Farlin* v. *Sanborn,* 161 Mich. 615 (137 Am. St. Rep. 525).

It follows that the judgment is affirmed.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.