1. DESCENT AND DISTRIBUTION—PERSONALTY NOT ANCESTRAL PROP-
ERTY—STATUTES.

Personal property has not the quality of ancestral prop-
erty, and, therefore, although inherited from the father,
does not pass to the brothers and sisters of an unmarried
minor sister who died intestate in preference to the mother,
under the provisions of 3 Comp. Laws 1915, § 11795, but
the inherited real estate does so pass to them.

2. SAME — PRETERMITTED CHILD TAKES BY INHERITANCE — REAL
ESTATE ANCESTRAL PROPERTY.

Where a daughter, born after her father's will was made,
in which no provision was made for her, took under the
provisions of 3 Comp. Laws 1915, § 13790, as though he had
died intestate, she took by inheritance rather than under
the will, and upon her death unmarried and intestate the
real estate passed as ancestral property under section 11795.

Error to Wayne; Dingeman (Harry J.), J.   Sub-
mitted October 5, 1927.   (Docket Nos. 18, 19, 20, 21,
138.)   Decided April 3, 1928.   Rehearing denied
June 5, 1928.

Petitions by John Duval Dodge and others against
Matilda R. Dodge, individually and as administratrix
of the estate of Anna Margaret Dodge, deceased, for
an order of distribution of said estate.   There was
decree for defendant for the personal property, and
for petitioners for the real estate, and petitioners ap-
pealed to the circuit court.   Judgment for defendant
for both real and personal estate.   Petitioners bring
error.   Modified, and probate decree affirmed.

*Lucking, Hanlon, Lucking & Van Auken* and *Hobart
B. Hoyt* (*Alexis C. Angell, Charles Wright, Jr.,* and
*Alfred Lucking,* of counsel), for appellants.

*Campbell, Bulkley & Ledyard* and *Hawkins, Dela-
field & Longfellow* (*Henry Ledyard,* of counsel), for
appellee.

---

[1]Descent and Distribution, 18 C. J. §§ 16, 21; [2]Id., 18 C. J.
§§ 20, 67.

FELLOWS, J.    These five writs of error sued out by different parties in interest bring up for review a judgment of the circuit court of Wayne county entered upon several appeals from a single decree of the probate court of that county ordering a partial distribution of the estate of decedent.    While the amount involved is large (something over $7,500,000), and the briefs are exhaustive, we are persuaded that the questions are not complex, nor do they require detailed analysis or discussion in an extended opinion for their correct solution.    John F. Dodge made his will April 4, 1918. It made no provision for after-born children.    Anna Margaret Dodge, his daughter, was born June 14, 1919. He died January 24, 1920, without making any change in his will.    It is conceded that Anna Margaret Dodge as a pretermitted child took under section 13790, 3 Comp. Laws 1915, which reads:

"When any child shall be born after the making of his father's or his mother's will and no provision shall be made therein for such child, he or she shall have the same share in the estate of the testator as if the parent had died intestate.    And the share of such child shall be assigned to him as provided by law in case of intestate estates, unless it shall be apparent from the will that it was the intention of the testator that no provision should be made for such child."

Anna Margaret Dodge died April 13, 1924, when less than five years old.    Her estate consisted almost entirely of personal property, Mr. Dodge having left but little real estate.    The question here presented is whether her estate both real and personal has the quality of an ancestral estate and goes to her brothers and sisters under the following provision found in section 11795, 3 Comp. Laws 1915:

"If such intestate shall die under the age of twenty-one years, and not having been married, all the estate that came to such intestate by inheritance from a parent, which has not been lawfully disposed of, shall descend to the other children and the issue of deceased

children of the same parent, if there be such children or issue, and if such persons are in the same degree of kindred to said intestate they shall take equally, otherwise they shall take by right of representation."

If either or both real and personal property has not the character or quality of an ancestral estate, then the mother takes under other provisions of the section cited. The probate court held the real estate had such quality, and it was decreed to the brothers and sisters; it held that the personal property had not the quality and character of ancestral estate, and decreed it to belong to the mother. The circuit court gave judgment to the mother for both real and personal estate.

1. Personal Property. As the great bulk of the estate is personal property we shall first consider its devolution. Appellants insist that the general provision found in section 13913, 3 Comp. Laws 1915, requires that the personal property pass as ancestral under the provision above quoted. This general provision is as follows:

"In any other case the residue, if any, of the personal estate shall be distributed in the same proportion and to the same persons, and for the same purposes, as prescribed for the descent and disposition of the real estate."

If the provisions of section 11795, dealing with ancestral property, which we have quoted, are not applicable to personal property, then the personal property under other provisions of the same section goes to the mother, and the decisions of the probate and circuit courts as to the personal property must be affirmed. Before taking up *Jenks* v. *Trowbridge's Estate,* 48 Mich. 94, we should quote the statute having reference to ancestral estates in force when that litigation arose. It is the 6th subdivision of section 4309, 2 Comp. Laws 1871, and is as follows:

"If any person shall die leaving several children, or leaving one child, and the issue of one or more other children, and any such surviving child shall die under age, and not having been married, all the estate that came to the deceased child *by inheritance* from such deceased parent shall descend in equal shares to the other children of the same parent, and to the issue of any such other children who shall have died, by right of representation."

We have italicized the words "by inheritance" and shall possibly have occasion so to do later. We do this because in the *Jenks Case* interpretation of these words was regarded as crucial in determining one of the grounds of decision. In the *Jenks Case* the minor son of the parties had died. The estate which came to him from his father consisted of both real and personal property. It was conceded by all parties that the real estate passed as ancestral property, the litigated question being whether the personal property was also ancestral. This court held that it was not, and based its decision on two grounds: It gave to the words "by inheritance" used in the statute their technical, legal meaning, as having reference only to descent of real estate. It was said:

"We have seen how the right of succession provided for in subdivision 6 (§ 4309) is dependent on specified conditions and that the presence of all the conditions is indispensable to the right. The 'persons' there mentioned can only become entitled to take and be the 'persons' prescribed as successors by inheritance in the event that all the conditions exist, and one of these conditions not inferior to any other is that the decedent shall have taken the estate *by inheritance.* The *legal* sense is manifest. There is nothing equivocal. The terms of the condition peculiarly appertain to real property and do not fit personalty and no change to extend the meaning to the latter, which might possibly be permitted in some other case, can be allowed here without a gross perversion of sense."

The court as its second ground pointed out that the

movable and changeable character of personal property precluded it from having the quality of ancestral property and directed attention—

"to the nature, uses and modes of handling such property and its vicissitudes of ownership as affording reason for thinking it was not meant to consider it as suitable to be classed in the category of ancestral estate."

The court also with citation to Massachusetts cases called attention to the fact that the effect would be to hold that "the parent's estate is considered as still in a course of distribution." By reason of the construction given the words "by inheritance," and by reason of the movable and changeable character of personal property, it was held that it did not pass as ancestral property. But even before the *Jenks Case* was decided, and in *Henderson* v. *Sherman*, 47 Mich. 267, this court with but little discussion had committed itself to the doctrine that personal property had not the quality of ancestral property.

Appellants' counsel call attention to the fact that the legislature has made changes in the language used in the statute before the court in the *Jenks Case*. It is true that our statutes of descent and of distribution have been subjects of change from time to time, but an examination of the various amendments demonstrates that in every amendment that has been made to the ancestral estate provision since the decision in the *Jenks Case,* the legislature has retained the crucial words "by inheritance" which had in that case received judicial construction. The year following the decision in the *Jenks Case* the legislature amended the statute of descent but the amendment retained the words "by inheritance" (Act No. 169, Pub. Acts 1883). This is likewise true of Act No. 168, Pub. Acts 1889, and Act No. 286, Pub. Acts 1909. The word "inheritance" as used in the ancestral statute was given

its technical meaning in the *Jenks Case* and consistently on every occasion that it has spoken since the legislature has continued its use in that statute with such meaning attached. It is of no moment that the words on other occasions and in other statutes have been used in a more liberal sense. As a part of the ancestral statute it has been given a definite meaning, and unless the *Jenks Case* be overruled it must be held that personal property, changeable and movable as it is, has not the quality of and does not pass as ancestral property.

But it is insisted by counsel for appellants that the *Jenks Case* was overruled by *In re Schultz's Estate*, 212 Mich. 682, and if not, that it should now be overruled. In the *Schultz Case* this court had before it the provision applicable to adopted children (3 Comp. Laws 1915, § 11808). That statute did not contain the words "by inheritance," which, as we have pointed out, were deemed controlling in the first ground of decision in the *Jenks Case*. The words used in the section then before us were "which has come." So it will be seen that the case is distinguishable if we only consider the first ground of decision in the *Jenks Case*. But we should frankly state that the *Jenks Case* was not called to our attention by either counsel in the *Schultz Case*, was not before us, and was not considered by us. Appellant's brief in that case stated:

"As the question presented by this case has not been passed upon by the court of last resort of this State we can turn to no precedents from this jurisdiction as an aid."

This statement was acquiesced in by appellee's brief. What was said in the *Schultz Case* which conflicts with the second ground of decision in the *Jenks Case* was said without the *Jenks Case* being before us and without the light that case would have

given us. There was no intention to overrule a case not before us and which had not then been examined by us. Much less was it intended to overrule a case of as long standing as the *Jenks Case.*

Nor are we persuaded that the *Jenks Case* should be overruled. It followed the general rule (18 C. J. p. 819), established a rule of property, and is in consonance with the spirit of our institutions. On at least three different occasions since it was decided the legislature has spoken on the subject and on each occasion it re-enacted the language there given judicial construction. Following it, it must be held that the personal property did not pass as ancestral property.

2. Real Estate. Every reason advanced in the *Jenks Case* for holding that personal property does not pass as ancestral is a reason for holding that real estate does. The fact that the statute having reference to a pretermitted child is found in the chapter dealing with the probating of wills has no significance. Mr. Dodge made a will but Anna Margaret Dodge took nothing under it. Under the statute she took as though he had died intestate; she took by inheritance and upon her death the real estate passed as ancestral property.

From what has been said, it follows that the decree of the probate court must be affirmed, and the judgment of the circuit court modified. As the cases came to this court on error, they will be remanded to the circuit court with direction to modify the judgment in accordance with this opinion and certify such modified judgment to the probate court. None of the parties will recover costs.

WIEST, CLARK, MCDONALD, and SHARPE, JJ., concurred.

The late Chief Justice FLANNIGAN and the late Justices SNOW and BIRD took no part in this decision.